## MARTIN QUIRK *vs.* DANIEL HOLT.

One who in travelling on a public way carelessly injures a laborer engaged with due care in clearing from ice the track of a street railroad lawfully located therein is liable in damages for the injury.

Forty laborers were clearing ice from one to four inches deep from the double track of a street railroad lawfully located in the middle of a public way in Boston which was forty-two feet wide and much frequented for purposes of business. The way had not been closed to travel, nor any notice given that it was not open to general use. One of the laborers, using a pickaxe, was stooping so that he did not perceive the approach of a heavily loaded wagon drawn by one horse driven at a walk eight feet from the nearest sidewalk, until, hearing a noise, rising, and turning partly around, he found himself in a space a foot and a half wide between it and another loaded wagon which was being driven slowly in the opposite direction. He immediately called to the driver of the first wagon, who was sitting on the load, to stop, and made an effort to extricate himself, and simultaneously was struck by one of the hind wheels of that wagon, and injured. *Held,* that the question whether he was in the exercise of due care at the time of the injury was for the jury.

TORT for injuries sustained by being knocked down and run over by a wagon driven by the defendant. At the trial in the superior court, before *Putnam, J.,* the plaintiff introduced evidence of these facts:

On February 11, 1867, the plaintiff was at work, with thirty-five or forty other laborers, in the employment of the Metropolitan Horse Railroad Company, clearing ice from the double track of their railroad in the middle of Causeway Street, a public way in Boston, at a place in front of the passenger-station of the Eastern Railroad Company, where the street was forty-two feet wide. The ice on the track and street was from one to four inches deep. The plaintiff, working with a pickaxe, was

stooping, so that he did not perceive the approach of a wagon, loaded with bales of rags, and drawn by one horse which the defendant, sitting on one of the bales, was driving slowly, at a walk, along the right of the middle of the street, about eight feet from the nearest sidewalk, until the horse had passed and the wagon had reached him. Then hearing a noise, the plaintiff stood up and looked around, partly turning his body, and found himself in a space about a foot and a half wide between the defendant's wagon and another loaded wagon drawn by horses, which were being driven, at a walk, in the opposite direction. He immediately called to the defendant to stop, and made an effort in vain to extricate himself; and " at the same moment " he was struck by the defendant's wagon, knocked down, run over by one of the hind wheels and severely injured.

There was no evidence that the defendant saw the plaintiff or heard him call; but the plaintiff testified that if the defendant had stopped his horse when the plaintiff called the accident would not have happened. " There was no notice in the street that any men were at work there, or that it was not proper for the defendant then to pass; and the evidence as to the number of vehicles then in the street was conflicting."

Upon this evidence, the judge ruled that the plaintiff had not shown that he was in the exercise of due care, and directed a verdict for the defendant. The plaintiff alleged exceptions.

*J. Nickerson*, for the plaintiff.

*J. B. Richardson*, for the defendant.

Chapman, C. J. The court ruled that upon the plaintiff's evidence he had not shown that he was in the exercise of due care. The substance of such a ruling is, that the evidence is not sufficient in law to authorize the jury to find the fact.

The report shows that the plaintiff was a servant of the Metropolitan Horse Railroad Company, which was authorized to make and maintain tracks in Causeway Street in Boston. St. 1853, *c.* 353. Laws & Ordinances of Boston, (ed. 1863) 572. He was engaged in clearing ice from the rails and track, with thirty-five or forty other laborers, and the ice on the track and on the street varied from one to four inches in depth.

There can be no doubt that the company had a right to put their tracks in order by removing the ice, and that the plaintiff had a right to labor for them with his pick in doing the work. Thus it appears that he was rightfully there. It is equally true that the defendant had a right to use the street as a traveller with his team ; for the street had not been closed, nor had any notice been given by the proper authorities, or by any person that it was not open to public use.

Each party, being rightfully there, owed certain duties to the other. It is settled that persons who are using a street as travellers must see to it that they do not carelessly injure other travellers. *Spofford* v. *Harlow*, 3 Allen, 176. The same principle must be applicable as between travellers and persons who are rightfully repairing a highway. And it can make no difference whether the laborer is making repairs upon the highway itself, or upon a horse railroad legally existing within its limits.

It appears in this case that the street was forty feet wide. Apparently, then, there was ample room for the defendant to pass without coming into collision with the plaintiff. But this is a question of fact for the jury. The defendant was bound to give reasonable attention to what was before his eyes in the street ; and it is for the jury to find whether he would not, by the exercise of reasonable attention, have seen the laborers at work upon the track, even if it was necessary to pass over the place where they were at work ; and whether he ought not to have avoided the plaintiff or warned him of his approach.

The facts that he was upon a loaded wagon, and was driving slowly, and had ample time for observation, and could easily stop his team, — all these are circumstances material to the decision of the question whether he was careless. They also tend to show whether or not the plaintiff was careless in not keeping out of the way. His duty to keep watch for the defendant's approach was not the same as if he had been at work upon a railroad where the defendant was coming with a locomotive, or as if it were upon descending ground on a highway where a mail coach was coming down towards him with great speed. And his duty to keep watch for approaching carriages that must

pass where he was at work might depend upon his position in respect to his fellow-laborers, and upon the width of the street.

But, without going into further particulars, it is sufficient to say that the case presents a variety of circumstances to be considered in connection with each other, and depends partly upon inferences of fact to be drawn from these circumstances; and the court are of opinion that the question whether the plaintiff used due care should have been submitted, under proper instructions, to the jury. See *Spofford* v. *Harlow, ubi supra; Snow* v *Housatonic Railroad Co.* 8 Allen, 441; *Meesel* v. *Lynn & Boston Railroad Co.* Ib. 234; *Fox* v. *Sackett,* 10 Allen, 535.

*Exceptions sustained.*