## JAMES GOODFELLOW *vs.* BOSTON, HARTFORD & ERIE RAILROAD COMPANY.

In an action against a railroad corporation for personal injuries sustained by the plaintiff through being run over by a locomotive engine of the defendants, while he was at work, on a side track of the railroad, in the employment of a contractor who under an agreement with the defendants was building a wall to support the road-bed, there was evidence that at the time of the accident the plaintiff and other servants of the contractor were standing on the side track and holding one of the guys of a derrick in actual use for moving stones to build the wall with; that the work required the derrick and the guy to be in the position in which they were, and the plaintiff and his comrades to stand where they did and concentrate their attention on it; and that the engine, after having just before moved a train of freight cars from the side track to the main track, was detached from the train and backed down the side track, without any signal of its approach, until it struck the plaintiff, who knew and relied upon a usage of the defendants to ring the bell or sound the whistle whenever one of their engines approached men working upon the railroad. *Held*, that on this evidence a jury would be warranted in finding that there was due care upon the part of the plaintiff.

TORT for personal injuries sustained by the plaintiff through being run over by a locomotive engine of the defendants upon a side track of their railroad in the town of Blackstone, by their alleged negligence.

. At the trial in the superior court, the defendants offered no evidence; and *Lord*, J., directed a verdict for them on the ground that upon the plaintiff's evidence there was a want of due care on his part; which was returned, and the plaintiff alleged exceptions. The substance of the evidence is stated in the opinion.

*G. W. Park*, (*B. D. Washburn* with him,) for the plaintiff.
*H. F. Smith*, for the defendants.

GRAY, J. We are all of opinion that the ruling of the learned judge before whom the trial was had was erroneous, and that the case should have been submitted to the jury.

It appears by the bill of exceptions, that the plaintiff and other workmen, employed by a contractor who under agreement with the defendants was constructing a wall to support their railroad, were engaged in holding a rope attached to a derrick in actual use for moving stones for that purpose; that the work required the derrick and rope to be in the position in which they were, and the plaintiff and his comrades to be upon the side track of the railroad; that while they were there, busily at work, and while the safety of all required their most careful attention to their duty, a locomotive engine, attached to a train of cars which had just passed over the side track to the main track of the railroad, was separated from the train, and, without any bell rung or signal given, run back upon the side track, and there struck and injured the plaintiff; and that he knew and relied on the custom of the defendants to ring the bell or sound the whistle whenever one of their engines approached men working upon the railroad. These facts, if not varied or disproved, would have warranted the jury in finding that the plaintiff was rightfully where he was, and was not in fault in being engrossed in his work and unaware of the approach of the engine until it was too late to avoid it. *Quirk* v. *Holt*, 99 Mass. 164. *Hackett* v. *Middlesex Manufacturing Co.* 101 Mass. 101. *Mayo* v. *Boston & Maine Railroad*, 104 Mass. 137. *Wheelock* v. *Boston & Albany Railroad Co.* 105 Mass. 203.

In *Burns* v. *Boston & Lowell Railroad Co.* 101 Mass. 51, the ground upon which the plaintiff was held not to be entitled to recover was that the circumstances of that case did not show that he was rightfully upon the side track of the railroad. And the remark quoted by the defendants from *Quirk* v. *Holt*, 99 Mass. 166, in which a man sustained an action for being struck by a wagon while at work in the highway, that " his duty to keep watch for the defendant's approach was not the same as if he had been at work upon a railroad when the defendant was coming

with a locomotive," does not warrant the inference that in such a case as the present he must be held wanting in due care.

The other ground of defence taken at the trial, that those in charge of the engine and train were fellow-servants with the plaintiff, was waived at the argument.    *Exceptions sustained.*