OMINGER v. NEW YORK CENTRAL AND HUDSON RIVER RAIL-
ROAD COMPANY.

*Negligence — workman upon railroad track — contributory negligence — contract between defendant and third person will not relieve from liability for.*

The rule that travelers about to cross a railroad track must look in both directions to see if a train is approaching, *held*, not to apply to a workman upon the track, whose employment requires him to remain on or about it.

Plaintiff, a workman for a contractor employed by defendant, a railroad company, to repair its track, while engaged in making repairs at a highway crossing, was injured by a passing engine. At the time, he was near the track measuring a stone; a train had just passed; he heard no bell or whistle from the engine, the approach of which could be seen a mile and a half. *Held*, (1) that it was for the jury to determine if he was guilty of contributory negligence; (2) that an agreement between defendant and the contractor that it should not be liable for injuries done to the contractor's workman would not relieve defendant, plaintiff not having assented to it; and (3) that plaintiff was on defendant's lands in pursuit of his lawful business, and defendant was not relieved from liability on the ground that he was merely a licensee.

APPEAL by plaintiff from a judgment at the circuit dismissing the complaint.

The action was brought by Jacob Ominger to recover damages for personal injury sustained by being run into by a locomotive upon defendant's railroad. The plaintiff was a mason, and at the time of the accident, engaged in working upon a cattle-guard at a road-crossing. He was in the service of a firm of contractors employed by defendant to do the work upon which he was engaged. The contract between defendant and the firm was in. writing, and contained a provision that defendant should not be liable to the contractors or their employees for any injury arising from the operation of the railroad, or by means of its engines, etc., whether the same occurred by accident, negligence or otherwise. Such other facts as are material appear in the opinion.

*E. W. Paige*, for appellant.

*S. W. Jackson*, for respondent. The contributory act of plaintiff will prevent a recovery. *Nicholson* v. *Erie R'y Co.*, 41 N. Y. 525 ; *Terry* v. *N. Y. C. R. R. Co.*, 22 Barb. 574 ; *Tonawanda R. R. Co.* v. *Munger*, 5 Den. 255; S. C., 4 N. Y. 349 ; *Clark* v. *S. & U. R. R. Co.*, 11 Barb. 112 ; *Bush* v. *Brainard*, 1 Cow. 78. There is no liability where the injured person is on the track by license of the railroad company. *Hounsell* v. *Smythe*, 97 Eng. C. L. 731 ; *Southcote* v. *Stanley*, 1 Hurlst. & Norm. 247 ; *Bolch* v. *Smith*, 7 id. 736 ; *Gautret* v. *Egerton*, 2 L. R. C. P. 370. As to duty of one crossing a railroad track to look for a train in both directions. *Grippen* v. *N. Y. C. R. R. Co.*, 40 N. Y. 51; *Beisiegel* v. *N. Y. C. R. R. Co.*, id. 22 ; *Havens* v. *Erie Ry. Co.*, 41 id. 298 ; *Wilcox* v. *R. W. & O. R. R. Co.*, 39 id. 369 ; *Haight* v. *N. Y. C. R. R. Co.*, 7 Lans. 11.

Present — LEARNED, P. J., and BOARDMAN, J.

LEARNED, P. J. The plaintiff was a workman in the employ of a contractor, who had a contract with the defendants to do certain work on their railroad. The place where some of the work was to be done, was at a highway crossing called Phillips'. While the plaintiff was there engaged in this work, he was struck by an engine passing on the track and injured. For the injury he brings this action. At the trial he was nonsuited.

He testifies that he was building a culvert or cow trap at Phillips' crossing; that that is a place where the highway crosses the railroad track; that while he was measuring a stone one train went to Albany; that he wanted to go over on the other side; that while he did that, another train came along and struck him; that he stood looking at the stone when the train struck him; that he was measuring it for the place; that the bell was not ringing on the train that struck him; that he was listening for it; that the whistle did not blow; that he was at work on the cow traps on the west side; that at the time he was struck he was measuring a stone which lay, may be, two feet from the track; that the whistle did not blow and he did not look.

It appeared that the north track, on which this engine was, could be seen for a mile and a half from the crossing.

I do not see how the plaintiff could, in any way, be called a trespasser. First. He was on a highway crossing, so I understand the evidence, which is not altogether clear. Second. He was a workman in the employ of a contractor, engaged to do work at that place.

As to the question of the defendants' negligence the testimony is conflicting. The plaintiff testifies that the bell did not ring; another witness testifies that he did not hear it; while the engineer supposes he rang the bell, and the fireman testifies positively that he did. I do not think that we can say that there was nothing for the jury on this point.

A point more strongly insisted on, however, is the alleged contributory negligence of the plaintiff. Ordinarily, this is a question for the jury. *Filer* v. *N. Y. C. & H. R. R. R. Co.*, 49 N. Y. 47, 50; *Barton* v. *N. Y. C. & H. R. R. R. Co.*, 1 N. Y. Sup. 297.

As to travelers about to cross a track, it is held negligence, as matter of law, not to look in both directions in order to see whether, at that time, a train is approaching. But it is hardly possible to apply that rule, in its strictness, to a workman engaged on the the track. The traveler looks once and crosses. The workman remains. If it is the workman's duty, as a matter of law, to look in both directions he must do this as often as it is possible for a train to come in sight. The length of the track, in sight from the crossing, was about a mile and a half. A train might pass over this in, perhaps, five minutes. He ought, therefore, under this rule, to look in this direction as frequently as every five minutes,

and in the other direction probably as often. Such an obligation would be inconsistent with his proper attention to his work. I do not think, therefore, that the rule, which has been applied to travelers crossing the track, is applicable to workmen whose employment requires them to remain on or about it.

Such seems to be the doctrine of *Barton* v. *N. Y. C. R. R. Co.*, above cited. So in *Goodfellow* v. *B. H. & E. R. R. Co.*, 106 Mass. 461, the plaintiff was in the employ of a contractor at work for defendants. He was holding the guy of a derrick. An engine backed down and injured him. At the trial a verdict was directed for the defendants. But in the higher court this ruling was reversed. The court said that "there was evidence that he was rightfully where he was, and was not in fault in being engrossed in his work, and unaware of the approach of the engine until it was too late to avoid it."

It seems to me, therefore, that the question of the plaintiff's negligence in this case was one of fact which should have been passed upon by the jury.

It is further urged by the defendants that they are not liable, for the reason that, by the terms of their contract with the contractor, they agreed that they would not be liable. The plaintiff was not a party to this contract. It is not even in evidence that he knew any thing of it. I do not think that the defendants can contract with one man for the privilege of doing a wrongful act to another, without his consent.

Assuming even that the accident occurred a few feet from the highway, still the plaintiff was on the defendants' land not by a mere license. He was there to fulfill a contract. He was not a mere stranger roaming over property, but he was a person on lawful business; like the workman sent to repair gas fixtures. *Inderman* v. *Dames*, 2 L. R. C. P. 311. See *Smith* v. *Dock Co.*, 3 id. 326. This view is confirmed by the decision of the Court of Appeals in *Coughtry* v. *Globe Woolen Co.*, 56 N. Y. 124.

The judgment should be reversed and a new trial granted, costs to abide the event.

*Judgment reversed and new trial granted.*