Filed March 18, 1890.

---

No. 14,084.

## THE PENNSYLVANIA COMPANY v. O'SHAUGHNESSY, ADMINISTRATOR.

PLEADING.—*Complaint.—Contributory Negligence.—General Allegation as to.—Sufficiency of.*—Where a complaint contains the general averment that the injured party was without contributory fault, it is sufficient upon that point, unless the specific allegations clearly show that he was guilty of contributory negligence. In this case the specific allegations do not overthrow the general averment.

MASTER AND SERVANT.—*Employee Acting Under Orders.—To What Extent Protected.*—An employee who does what he is ordered to do is not in fault, but is protected to a reasonable extent by the order while engaged in performing the special duty enjoined upon him.

SAME.—*Protection of Employee.—Duty of Employer.*—Where an employee is where his general duty requires him to be, the master is bound to

have knowledge of such fact, and this knowledge imposes upon the master the general obligation to exercise reasonable care to prevent his exposure to extraordinary peril.

NEGLIGENCE.—*Ordinary Care.—Duty of Employee to Exercise.— When Not Deemed Negligent.*—It is incumbent upon an employee, whether acting under orders or not, engaged in the line of his duty, to use ordinary care to avoid injury; but he is not to be deemed negligent, while so acting, from the mere fact that while engaged in the line of his duty as a brakeman he remains upon the railroad track or passes along it.

SAME.—*Contributory.—Brakeman.— When Guilty of.*—Where a brakeman is ordered to go to a switch and two ways are open to him, one entirely safe and the other very perilous, and he leaves the safe way, after having gone upon it, and voluntarily takes the dangerous one, knowing the danger to which he exposes himself and using no precaution to avert it, and is run over by a train moving along the track on which he is walking, he is guilty of contributory negligence and can not recover.

SAME.—*Railroad.—Employee.—Knowledge of Peril.—How Must Act.*—Where a brakeman has been in the service of a railroad company for a number of years, and is familiar with the mode of making up trains, he is bound to act upon the knowledge thus acquired, and to act with prudence and care to avoid the peril which this knowledge informed him he was exposed to in making up the trains in the company's yard.

From the Allen Circuit Court.

*J. Brackenridge* and *J. R. Carey,* for appellant.

*L. M. Ninde, R. C. Bell* and *J. Morris,* for appellee.

ELLIOTT, J.—The appellee seeks a recovery against the appellant for wrongfully causing the death of his intestate, Albert O'Shaughnessy. It is unnecessary to do more than outline the allegations of the complaint respecting the negligence of the appellant, as the single objection urged against it is, that it shows that the intestate was guilty of such contributory negligence as bars a recovery. Shortly stated, the allegations of the complaint concerning the negligence of the appellant are, that it knowingly employed and knowingly kept in its employ an incompetent employee; that this incompetent employee negligently ran a train upon the intestate while he was engaged in the line of his duty as a brakeman; that this incompetent employee ran the train in

disregard of the established rules of the company, and in a mode and at a rate of speed forbidden by the ordinances of the city of Fort Wayne. The specific allegations of the complaint in so far as they bear upon the question of contributory negligence are, in substance, these: The intestate was directed by his superior to assist in making up a train in the appellant's yard; pursuant to this order, and as part of his duty, he was proceeding carefully and diligently along the track to a switch to which it was his duty to go, the incompetent employee, in charge of the train, caused it to be run at the speed of forty miles an hour, and gave no signals or warnings of any kind. The 'intestate, while passing along the track to the switch to which he was directed to go, was run over by the train and killed. The complaint contains the general averment that there was no fault or negligence whatever on the part of the intestate.

As the complaint contains the general averment that the intestate was without contributory fault, it is sufficiently strong to repel the attack made upon it, unless the specific allegations clearly show that the intestate was guilty of contributory negligence. It has long been the rule in this court that the general averment makes the complaint good, unless its force is clearly broken by the specific allegations of the pleading. *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196, and cases cited; *Evansville, etc., R. R. Co.* v. *Crist*, 116 Ind. 446; *Louisville, etc., R. W. Co.* v. *Sandford*, 117 Ind. 265.

The specific averments in this complaint before us, do not overthrow the general averment that the intestate was without fault. These specific allegations do not establish the fact, as counsel assume, that he was wrongfully on the track; so far are they from doing this, that they, in truth, strongly fortify the general averment by showing that he was where it was his duty to be, and where he was ordered to be by those placed over him by the master. An employee who does what he is ordered to do is not in fault, but is protected, to a reasonable extent, by the order while engaged in per-

The Pennsylvania Company v. O'Shaughnessy, Administrator.

forming the special duty enjoined upon him. *Taylor* v. *Evansville, etc., R. R. Co.*, 121 Ind. 124; *Cincinnati, etc., R. W. Co.* v. *Lang*, 118 Ind. 579; *Coombs* v. *New Bedford, etc., Co.*, 102 Mass. 572; *Goodfellow* v. *Boston, etc., R. R. Co.*, 106 Mass. 461; *Haley* v. *Case*, 142 Mass. 316; *Crowley* v. *Burlington, etc., R. W. Co.*, 65 Iowa, 658; *Abel* v. *President, etc.*, 103 N. Y. 581; *Reagan* v. *St. Louis, etc., R. W. Co.*, 93 Mo. 348; *Lewis* v. *Seifert*, 116 Pa. St. 628. But if the intestate had not been acting under a special order, he was, nevertheless, entitled to assume that ordinary care would be exercised for his safety, for he was, as the complaint shows, where his general duty required him to be, and of this the master was bound to have knowledge, and this knowledge imposed upon it the general obligation to exercise reasonable care to prevent his exposure to extraordinary peril. *Cincinnati, etc., R. W. Co.* v. *Long*, 112 Ind. 166; *Goodfellow* v. *Boston, etc., R. R. Co., supra; Quirk* v. *Holt*, 99 Mass. 164; *Mark* v. *St. Paul, etc., R. W. Co.*, 32 Minn. 208. It is, of course, incumbent upon an employee, whether acting under orders or not, engaged in the line of his duty, to use ordinary care to avoid injury, but he is not to be deemed negligent, while so acting, from the mere fact that he remains upon the track or passes along it.

It is sufficiently evident from what we have said that the intestate was not a trespasser, and that such cases as *Evansville, etc., R. R. Co.* v. *Griffin*, 100 Ind. 221, and *Mulherrin* v. *Delaware, etc., R. R. Co.*, 81 Pa. St. 366, are wholly irrelevant to the point in issue. To give force to those decisions the facts must be such as to show that the railroad company was not under any duty to the person injured by the negligence of its employees. This can not be true of an employee engaged in the line of his duty, and acting under a special order from his superior.

The answers of the jury to the special interrogatories propounded to them by the plaintiff show, that the intestate was in the appellant's service as a brakeman at the time he was

killed ; that he was ordered to open a switch to let the train out of the yard ; that he obeyed the order ; that at the time he was struck by the engine he was endeavoring to get out of the way of the train ; that the train was run at a speed of from eighteen to thirty miles an hour; that no signals or warnings were given ; that if it had been run at a less rate of speed the intestate would have escaped injury ; that the engineer in charge had injured other employees by his recklessness, and that his reputation was that of a careless and reckless engineer; that the company's officers might have acquired knowledge of his reputation by the exercise of ordinary diligence.   The answers to the interrogatories propounded by the defendant state, in substance, these facts: The intestate was struck while walking westward on the track ; the engine which struck him was backing; there was an open space of eight feet between the track on which the intestate was walking and the track running parallel with it ; he had been in the service of the company for four years before his injury ; the intestate got off the engine, when directed, to throw the switch, on the space between the tracks, and then stepped back on the track ; the space between the tracks was clear and unobstructed ; this space was prepared and maintained for the purpose of providing a safe path for the employees of the company ; the intestate did not look eastward to see whether any train was approaching after he stepped upon the track on which the train was moving ; he could have seen the train had he looked, and he had walked along the track about sixty feet before he was struck.

We are strongly inclined to the opinion that the appellant was entitled to judgment on the facts stated in the special answers of the jury, but as the evidence makes the case much stronger in the appellant's favor, we will place our decision upon that, and not upon the answers of the jury.   The evidence clearly shows that the intestate was unnecessarily walking upon the track, and that he gave no heed to the approach of the train, which he knew must follow him.

The Pennsylvania Company v. O'Shaughnessy, Administrator.

If the intestate had gone upon the track because his duty required him to go there, or because he could not perform his duty without walking along it, the action might, perhaps, be maintained; but it was not necessary for him to walk upon the track, for he could with equal convenience have walked along the space between the tracks which the company had set apart for the use of its employees. Two ways of going to the switch were open to him ; one entirely safe, the other very perilous, and he voluntarily chose the perilous one. He left the safe way after having gone upon it and took the dangerous one, and, although he knew the danger to which he exposed himself, he took no precautions to avert it. While walking along the track he was not engaged in a duty which required and absorbed his whole attention, so that the case can not be brought within the rule that absolves an employee who is engrossed in duty on the track from the exercise of a high degree of care. It was the duty of the intestate to use due care to avoid injury, and to constitute due care it is essential that the precaution exercised should be proportionate to the danger which the person upon whom this duty rests knows that he incurs. *Cincinnati, etc., R. R. Co.* v. *Long, supra; Tuttle* v. *Detroit, etc., Railway,* 122 U. S. 189; *Bresnahan* v. *Michigan Central R. R. Co.,* 49 Mich. 410.

An element is here present which is conspicuous and important, and that is this : The intestate had been in the service of the company for four years, and was familiar with the mode of making up trains. He was bound to act upon the knowledge thus acquired, and to act with prudence and care to avoid the peril which this knowledge informed him he was exposed to in making up the trains in the company's yard. The authorities go very far upon this subject, for they hold that where an employee has knowledge of danger, and remains in the service, he assumes the increased risk. *Indianapolis, etc., R. W. Co.* v. *Watson,* 114 Ind. 20 (5 Am. St. R. 578); *Louisville, etc., R. W. Co.* v. *Sandford, supra,* and

cases cited; *Philadelphia, etc., R. R. Co.* v. *Hughes,* 119 Pa. St. 301; *New York, etc., R. R. Co.* v. *Lyons,* 119 Pa. St. 324; *Wilson* v. *Winona, etc., R. R. Co.,* 37 Minn. 326; *Gaffney* v. *New York, etc., Co.,* 15 R. I. 456.

But we need not carry these decisions to their logical result in this instance, for it is enough to adjudge that there can be no recovery, for the reason that there was a lack of care on the part of the intestate which proximately contributed to his injury. We do not, therefore, do more than decide that there was such contributory negligence as bars a recovery, thus leaving other questions undecided.

Judgment reversed, with instructions to award a new trial.

Filed Jan. 31, 1890; petition for a rehearing overruled March 20, 1890.