## AMATO *v.* NORTHERN PAC. R. CO.

*(Circuit Court, S. D. New York. June 24, 1891.)*

1. **INJURY TO EMPLOYES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.**
   Plaintiff's testimony was that he was working with other laborers for defendant railroad on the west bank of a river, and that it was the custom of the defendant at the end of the day to carry them on cars across the bridge; that on the day he was injured the boss told them they would have to walk, and that it would be safe, as no engine would cross for two hours; that on account of a lame side he was unable to keep up with the others; that when part way over he saw an engine coming, and tried to step aside, but caught his foot under the wheel. The bridge had a single track, and there was no room to walk at the sides, though one could step out of the way of a train. The track was frozen and slippery, and it was after night-fall. *Held,* that the court properly left the question of the defendant's contributory negligence to the jury.

2. **SAME—EVIDENCE.**
   There was no error in directing the jury that they could take into consideration the statement made by the boss that it would be safe to cross, and that no engine would cross for two hours.

At Law.

The plaintiff, an Italian, 24 years of age, was, in 1888, in the employ of the defendant as a common laborer. On the evening of November

6th, of that year, he was run over by a locomotive of the defendant, receiving injuries which resulted in the amputation of his right foot. He sues to recover damages for this injury which, he alleges, was caused by the defendant's negligence. The action was tried at the April circuit, and resulted in a verdict of $4,000 for the plaintiff. The defendant thereupon moved to set aside the verdict as contrary to law, against the weight of evidence and for excessive damages. The plaintiff testified that on the day in question he was engaged with 56 other laborers in working on the west side of the Missouri river, near Bismarck, N. D. The lodging place of these workmen was on the east side of the river, and it was the custom of the defendant at about half past 5 in the afternoon to carry them on cars across the bridge to their homes. On the day in question the foreman who had charge of this party of laborers informed them that they could not be carried home in the usual manner, but would have to walk across the bridge; and that it would be safe to do so as no engine would cross until half past 7. The entire party started to cross the bridge on foot. The plaintiff had received an injury to his side a short time previous, and was unable to keep up with the others. When near the center he saw an engine coming towards him. He tried to step aside, but caught his foot under the wheels and received the injury described. The Bismarck bridge is straight, it has a single track, and is 1,450 feet in length. On the day in question the track was slightly frozen. The plaintiff could have stepped off the track out of the way of the engine if he had seen it coming, but there was not room at the side of the track to walk. He could have crossed at the side only by crawling from one trestle to another. The foregoing is, in substance, the account of the accident given by the plaintiff. On the part of the defendant several witnesses testified that the plaintiff was injured at a point several hundred feet from the east end of the bridge while attempting to jump on the front board of a moving engine. It is unnecessary to consider this testimony further than to say that it entirely exculpated the defendant; if true, the defendant was proved to be free from negligence, and the plaintiff was shown to be guilty of gross contributory negligence. The jury, however, believed the statement of the plaintiff and rejected that of the defendant. At the close of the plaintiff's case and again after the evidence was all in the defendant moved to direct a verdict on the ground of the contributory negligence of the plaintiff. Upon this question the court charged the jury, after calling their attention to the evidence which tended to show that the plaintiff should have seen and avoided the engine, as follows:

"Of course, on the other hand, you have the right to take into consideration the statement which the plaintiff says was made to him by the defendant's boss, that it was safe for him to cross at that time, and that no engine would cross the bridge until about 7:30 o'clock."

The defendant excepted to that portion of the charge just quoted. This exception and the exception to the refusal of the court to direct a verdict on the ground of contributory negligence were the only ones taken by the defendant. The point that the defendant was free from fault, and

that the negligence which caused the accident was that of the engineer, who was a fellow-servant with the plaintiff, and the point that this court has no jurisdiction of the action, were not raised at the trial.

*Roger Foster*, for plaintiff.

*Henry Stanton*, for defendant.

Coxe, J. The verdict was not against the weight of evidence. It is true that the plaintiff testified to one version of the accident and several witnesses called for the defendant testified to a different, and wholly irreconcilable, version; but this did not authorize the court to take the question from the jury. Such disputes are peculiarly within their province. A verdict, so rendered, should not be disturbed if there is any evidence to sustain it. *Davey* v. *Insurance Co.*, 20 Fed. Rep. 494; *Bust* v. *Steam-Boat Co.*, 24 Fed. Rep. 188; *Greany* v. *Railroad Co.*, 101 N. Y. 419, 423, 5 N. E. Rep. 425; *Sherry* v. *Railroad Co.*, 104 N. Y. 652, 10 N. E. Rep. 128. It was not error to submit the question of the plaintiff's negligence to the jury. Contributory negligence is a defense in the federal courts; the burden is upon the defendant to prove it. *Hough* v. *Railway Co.*, 100 U. S. 213; *Coasting Co.* v. *Tolson*, 11 Sup. Ct. Rep. 653, 139 U. S. 551. As a general rule this question is for the jury. It is only where the evidence is practically undisputed and the inferences deducible therefrom point to the conclusion that the plaintiff was at fault, and to that conclusion alone, that the court is justified in determining the question as matter of law. *Dunlap* v. *Railroad Co.*, 130 U. S. 649, 9 Sup. Ct. Rep. 647; *Kane* v. *Railroad Co.*, 128 U. S. 91, 9 Sup. Ct. Rep. 16; *Railroad Co.* v. *Stout*, 17 Wall. 657; *Railroad Co.* v. *Woodson*, 134 U. S. 614, 10 Sup. Ct. Rep. 628.

The question of plaintiff's negligence was one of fact and it was submitted under instructions as favorable to the defendant as it could expect. If the jury found that the defendant, having theretofore conveyed the workmen across the bridge to their homes at the end of the day's work, neglected on the occasion in question to provide the usual transportation, and ordered them to return after night-fall, on foot, across a long and slippery bridge, high above the water and unprovided with a footway; if the jury found that the plaintiff was induced to take this perilous journey upon the assurance of the defendant through its agent —the plaintiff's foreman—that it was entirely safe to do so as no engine would cross the bridge for two hours; if the jury found that the plaintiff relied upon this assurance of safety, and, being disabled, was devoting his attention and using his best energies to avoid the dangers beneath his feet; if they found that while in such a position he was run over by a locomotive, without signal or warning so that he did not see it until too late to escape; they were at liberty to find that the defendant had not succeeded in proving, by a preponderance of evidence, that the plaintiff was guilty of contributory negligence. The uncontradicted testimony that he was told by the defendant's agent at half past 5 that for two hours no engine would cross the bridge certainly distinguishes the case from that of a mere trespasser or the case of a person rightfully on the

track but to whom no such assurance of safety has been given. *Bradley* v. *Railroad Co.*, 62 N. Y. 99; *Erickson* v. *Railroad Co.*, 41 Minn. 500, 43 N. W. Rep. 332; *Oldenburg* v. *Railroad Co.*, 124 N. Y. 414, 26 N. E. Rep. 1021; *Palmer* v. *Railroad Co.*, 112 N. Y. 234, 19 N. E. Rep. 678; *Ormsbee* v. *Railroad Corp.*, 14 R. I. 102; *Warren* v. *Railroad Co.*, 8 Allen, 227; *Hooker* v. *Railroad Co.*, 76 Wis. 542, 44 N. W. Rep. 1085; *Goodfellow* v. *Railroad Co.*, 106 Mass. 461.

The exception to the charge was not well taken. It is never error for the court to instruct the jury to consider evidence properly presented. In the present instance the testimony was highly important and bore directly upon the question under consideration.

It is thought that the court has jurisdiction of the action. *Uhle* v. *Burnham*, 42 Fed. Rep. 1. At least the contrary has not been made to appear.

The other questions argued need not be considered for the reason that they are presented now for the first time. No error can be imputed to a trial court for failing to deal with propositions not brought to its attention. As before stated but two exceptions were taken by the defendant, and these have been sufficiently considered.

The motion is denied.