## Gustav Horn v. Arnold, Schwinn & Company.

### Gen. No. 12,211.

1. FORMER JUDGMENT—*when does not determine second appeal.* A judgment entered upon one appeal and the opinion upon which it is predicated are not controlling where the evidence upon the second trial materially differs from that given upon the first. Whether the changes in such evidence resulted from motives honest or dishonest is for the jury and not for the appellate tribunal to determine.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1905. Reversed and remanded. Opinion filed January 4, 1906.

**Statement by the Court.** Appellant while in the employ of appellee, a bicycle manufacturer, was injured January 7, 1899. Two fingers of his right hand were ground off by a machine which he was attempting to put in good order. Upon the trial the court instructed the jury to find the defendant not guilty. From the judgment entered upon that verdict this appeal was perfected.

The evidence of appellant tended to prove the following facts: Appellant was hired by appellee in November, 1897, as foreman in the frame department of its factory. His duties were to take charge of the men, to inspect their work and to keep their time, and he had nothing to do with the machinery in that department. One of the machines in the frame department was a sawing and milling machine. A belt which ran from this machine up to a counter-shaft furnished the power. On the counter-shaft there were two pul-

leys, one fixed and the other loose. The belt was changed from one pulley to the other by a wooden shifter, the lower end of which hung down within reach of the person operating the machine. The counter-shaft was not correctly aligned. The result of this defect was that the belt when thrown upon the loose pulley, unless held in place by the shifter, would very soon work back on the fixed pulley, thus putting the machine in motion. The shifter was out of order, and the machine itself was worn and dangerous to the operator. All these defects were known to appellee and were unknown to appellant. Prior to the accident this machine had been generally used for sawing, and almost not at all for milling. To change the kind of work done by this machine it was necessary to take out one tool and put in another. This was called "setting up" the machine. Val. Woerlin was the foreman of the machine and tool department of the factory. When any of the machinery was found to be out of order it was his duty to repair it. Some two weeks before the accident Woerlin was told that this machine was out of order. He sent up a workman who made some repairs upon it, and then reported to Woerlin that he had done all he could, "but I think she needs babbitting; I think she is kind of loose." Nothing further was done to it. Just prior to the accident Schwinn, the superintendent, told Woerlin to set up this machine for milling. The same day Schwinn said to appellant that if Woerlin did not have time to set up the machine, appellant should set it up. Appellant replied that he could not do it, he knew nothing about the machine; and Schwinn rejoined, "that's nothing; anybody can do it; go ahead and set it up." Appellant sent for Woerlin, who said he had not time, "Set it up yourself." Thereupon appellant told Meffert to set up the machine. He did so and began milling with it. The machine "wobbled" and did rough work. Then Meffert called appellant to the machine. He went to it, and while examining it received the injuries of which he complains.

CARL A. VOGEL, for appellant; DANIEL V. GALLERY, of counsel.

Horn v. Arnold, Schwinn & Co.

E. E. GRAY, F. J. CANTY and J. C. M. CLOW, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

We refrain from discussing the details of the accident for the reason we are of the opinion that this case must be again submitted to a jury.

We have examined the evidence carefully and think that the case as now presented differs materially from that passed upon by the Branch Court in Arnold, Schwinn & Co. v. Horn, No. 9,724. Hence this case is *res nova,* which we must decide upon the record now before us. Penn Plate Glass Co. v. J. H. Rice Co., 216 Ill., 572. Whether the changes and contradictions in the evidence of appellant as given on a former trial and as given on the trial out of which this appeal grew, were honestly or dishonestly made, was a question not for us upon this motion, but for the jury, whose duty it is to pass upon the credibility of the witnesses and the weight to be given to their evidence. Offutt v. Columbian C. Co., 175 Ill., 478. Upon this appeal the only question before us is, is there testimony in the record which fairly tends to support appellant's cause of action. Taking all the evidence that makes for appellant, and excluding all that is contradictory, we think a case is presented upon consideration of which reasonable minds might reach different conclusions. Under these circumstances the facts must be submitted to a jury. To hold otherwise would be to invade the province of that constituent part of the court.

The judgment of the Superior Court is reversed and the cause is remanded.

*Reversed and remanded.*