## Erick L. Sandberg v. Brink's Chicago City Express Company.

### Gen. No. 12,435.

1. PEREMPTORY INSTRUCTION—*when motion for, should be denied.* A motion for a peremptory instruction should be denied if there is any evidence in the record tending to show the plaintiff's right to recover.

2. ORDINARY CARE—*what not essential to exercise of.* The law does not put upon one, otherwise in the exercise of due care, the duty to anticipate that another will be negligent.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed April 19, 1906. Rehearing denied May 3, 1906.

**Statement by the Court.** The Chicago Union Traction Company operates a double track cable street railway in West Madison street in the city of Chicago. These tracks lie upon each side of the center of the roadway. The north track is used by the west-bound cars, the south track is used by the east-bound cars. Wagons and other vehicles follow the same custom. Near the intersection of Madison street and Fortieth avenue the distance between the south rail of the north track and the north rail of the south track is five feet. Under the tracks at this point is a vault sixty feet long, fourteen feet wide and fourteen feet deep. The cable

of each track passes through this vault. One of the objects of constructing this vault is to afford an opportunity to examine the cables for defects and to repair them when found. The entrance to and exit from this vault is by way of a heavy wooden trap-door, 28 " x 28 ", hinged at its east side, so that in lifting the door up it swings to the east. This trap-door lies between the tracks, equidistant from each.

September 8, 1902, appellant was and for sometime prior thereto had been in the employ of the traction company. Upon the morning of that day, in performance of his duties, he had been down in this vault inspecting the cables. Desiring to come out, he took hold of the trap-door and raised it up and down four or five times, and then came up so that he could see over the top of the raised door. A two-horse team, belonging to appellee, driven by one of its servants, was coming along in the north or west-bound track. When appellant saw the horses they were five or six feet east of the trap-door and coming on a trot. The driver, a one-armed man, had the lines about his neck. Appellant called out to the driver. When the horses came near to the trap-door they swung to the south, passing it, but drawing the wagon over so that the wheels on the near or south side passed over the trap-door, and forcing it down upon appellant inflicted upon him the injuries for which he brought suit.

At the close of the case for appellant, the court, on motion of counsel for appellee, instructed the jury to find appellee not guilty, which was done and judgment was entered thereon. From this action of the court the present appeal was perfected.

GEORGE E. Q. JOHNSON, for appellant; CHARLES P. MOL-THROP, of counsel.

HORTON, BROWN, RICHOLSON & MILLER, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

In Frazer v. Howe, 106 Ill. 563, the Supreme Court say, at page 573: "Motions to exclude evidence and motions

to instruct the jury to find for the defendant in such cases, are in the nature of demurrers to the evidence, and hence they admit not only all that the testimony proves, but all that it tends to prove. * * * It is not within the province of the judge, on such a motion, to weigh the evidence and ascertain where the preponderance is. This function is limited strictly to determining whether there is, or is not, evidence legally tending to prove the fact affirmed, $i.\ e.$, evidence from which, if credited, it may reasonably be inferred, in legal contemplation, the fact affirmed exists, laying entirely out of view the effect of all modifying or countervailing evidence."

In Central Union Bag Co. v. Kolander, 212 Ill. 31, in a similar case, the court say: "Therefore the only question now before this court is, whether or not the trial court erred in refusing to instruct the jury to find the appellant not guilty. If there is evidence in the record tending to show the plaintiff's right to recover, the trial court did not err in refusing such instruction. (Frazer v. Howe, 106 Ill. 563; Wenona Coal Co. v. Holmquist, 152 id. 581; Langraf v. Kuh, 188 id. 484.)"

And in Blakeslee Express Co. v. Ford, 215 Ill. 234, the court say: "Our inquiry must be whether there is any evidence in the record which fairly tends to show that defendant's servants were negligent, and that plaintiff's intestate was in the exercise of due care, and that the injury was due to appellant's negligence. We must take all the evidence in the record that makes for the plaintiff and exclude all that denies or contradicts it, because a motion to direct a verdict for the defendant admits, for the purposes of the motion, the truth of the testimony which supports the plaintiff's cause. Then, in order to hold that there was error in refusing the peremptory instruction, we must find that reasonable minds would not reach different conclusions on this evidence. Chicago City Railway Co. v. Martensen, 198 Ill. 511; Illinois Central Railroad Co. v. Heisner, 192 id. 571; Offutt v. World's Columbian Exposition, 175 id. 472."

We think there is evidence in the record tending to show that appellant was in the exercise of due care for his personal safety at the time he was injured. He had gone into the vault in the discharge of his duty as an employee of the traction company. Having performed that duty, he was desirous of coming out. In order to do so, he came up the trap-door and pushed it open four or five times before he thrust his head above the level of the opening. It was a question of fact for the jury to determine whether such opening and closing of the trap-door was not suffi. cient evidence of care upon the part of appellant.

Again, when appellant did put his head above the trap-door neither the team nor the wagon threatened his safety. Had the team and the wagon gone along in the north track which the wheels were then following, appellant would not have been injured, since the north side of the trap-door was at least sixteen inches south of that track, but when the horses, trotting westward, were but five or six feet east of the trap-door, for some reason not shown in the record, they suddenly veered to the southwest and pulled the wagon over to the south, so that the near wheels passed out of the north track, traversed the space between the south rail and the north side of the trap-door and ran over it in a diagonal manner, thus crushing appellant between the west edge of the trap-door and the edge of the opening into which it fitted. Appellant was not bound to guard against this sudden turn of the wagon. The law does not put upon one, otherwise in the exercise of due care, the duty to anticipate that another will be negligent. Chicago City Ry. Co. v. Fennimore, 199 Ill. 17.

Ordinary care for his personal safety is all that was required of appellant. This court said in Wallen v. North Chicago St. Ry. Co., 82 Ill. App. 106: "We are of the opinion that whether the plaintiff failed to exercise ordinary care, and if so, whether such failure caused the accident * * * are questions which should have been submitted to the jury." And in Chicago City Ry. Co. v. Nelson, 215 Ill. 440, the Supreme Court say: "The ques-

tion of contributory negligence is ordinarily a question of fact for the jury, and it only becomes a question of law where the undisputed evidence is so conclusive that the court could arrive at no other conclusion than that the injury was the result of the negligence of the party injured. (Beidler v. Bradshaw, 200 Ill. 425; Werk v. Ill. S. Co., 154 id. 447; N. C. St. R. R. Co. v. Cossar, 203 id. 608.) If there may be a difference of opinion on the question, so that different minds will arrive at different conclusions, then it is a question of fact for the jury."

We think that the evidence in the record of the want of care of appellant for his personal safety is not so clear that all reasonable minds would arrive at that conclusion, and therefore it remained a question of fact for the consideration of the jury.

Farther, assuming, as we must, the truth of appellant's evidence that before he attempted to look above the street level he raised and lowered the trap-door four or five times, it was a question for the jury whether appellee's driver was not negligent in not seeing this movement of the trap-door in front of his advancing team. The question is not whether he saw it, of which we have no evidence, but is whether in the exercise of ordinary care he ought to have seen it and thus have avoided injuring appellant. Hursen v. City of Chicago, 85 Ill. App. 299; Quirk v. Holt, 99 Mass. 166; Smith v. Bailey, 43 N. Y. Supp. 856.

The evidence shows that while the wagon was proceeding west, the wheels tracking in the rails of the northbound track, it suddenly and without warning passed to the southwest so as to strike upon and run over this trapdoor which was not in its normal line of travel. Whether this act was negligently done without giving appellee a reasonable opportunity to return to or to escape from the vault, was a question of fact and not one of law.

In our opinion, whether appellant was in the exercise of due care for his personal safety at the time and place he was injured, and also whether appellee through its servant, the driver, then and there was guilty of the negligence

charged against it in the declaration, were questions which, under proper instructions, should have been submitted to the jury.

The judgment of the Superior Court is reversed and the cause is remanded.

*Reversed and remanded.*