Gustav Horn, Plaintiff in Error, v. Arnold Schwinn & Company, Defendant in Error.

Gen. No. 14,446.

1. MASTER AND SERVANT—*when former owes no duty to latter.* If a servant voluntarily assumes without any order to remedy a defect in a machine, such not being part of his employment, his master owes him no duty while he is engaged in such act.

2. APPEALS AND ERRORS—*when errors will not reverse.* Notwithstanding the court may have erroneously ruled, a reversal will not be awarded if the evidence was not such·as would have justified the upholding of a verdict in favor of the complaining party.

BAKER, J., dissenting.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed October 25, 1909.

DANIEL V. GALLERY, for plaintiff in error.

E. E. GRAY, F. J. CANTY, and J. C. M. CLOW, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff sues out this writ of error in an attempt to reverse a judgment against him for costs rendered on the verdict of a jury finding defendant not guilty of the negligence charged in an action for personal injuries. The parties, at the time plaintiff suffered the injuries complained about, sustained to each other the relation of master and servant. Five juries have heard and found verdicts in this case, and for the third time

the record is before us for review. Three times plaintiff secured a verdict in his favor. The fourth jury impaneled, however, were directed by the court to render their verdict against plaintiff. On the last trial, notwithstanding the issues of fact were left to the jury to find, he failed to secure a verdict favorable to him. This defect he seems to think violative of the ample precedent set by the three preceding most intelligent juries. In this court, on the first appeal, the verdict of the jury was in effect held not to find sufficient support in the evidence. On the second appeal the directed verdict was held to have been erroneous, and that the case should have been submitted to the jury for its finding of the facts in dispute without the direction of the court. For a statement of the case we refer to Horn v. Arnold Schwinn & Company, 124 Ill. App. 185, and to the opinion, not published, in case No. 9724.

Whether or not the machine stopped and then started again without his knowledge, as plaintiff testified in the trials subsequent to the first, or did not stop at all from the time he started to probe for the difficulty in the machine until after he lost his fingers, aside from tending to affect the veracity of plaintiff, is not of controlling importance. The ground authorizing a recovery rests in the averments of the declaration that the belt shifter and the other parts of the machine were defective; that plaintiff was wrongfully and negligently ordered by his superior officer to set up and operate the machine; that he who gave the order knew of the dangers and that plaintiff did not; that inspection would have developed the defect of which plaintiff was unaware; that no inspection was made, and that such failure to inspect constituted negligence, and that as a result of such negligence plaintiff was injured.

The difficulty with the contention of plaintiff lies in the fact that his proof fails to support such averment. No pretense is made that on the occasion of the accident plaintiff was ordered to work upon the machine, or to remedy the defect which caused it to work improp-

erly. He was ordered to have the machine set up. He put his own interpretation upon that order by sending for a machinist named Meffert to do the work. Meffert did set up the machine. However, after it was set up by Meffert it did not work properly, and Meffert failing to remedy the trouble, plaintiff voluntarily and without suggestion from any other person, tampered with the mechanical part of the machine, and in so doing lost some of his fingers. Plaintiff testified that he did not set up the machine, and that he did not get hurt in the process of setting it up. It is patent and beyond contradiction that the injury to plaintiff occurred after the machine was set up and while he was endeavoring to remedy the defect in its operation—a task which he voluntarily assumed. Moreover, it was not in the line of plaintiff's employment either to set up the machine or operate it. Neither was it his duty to remedy any defects which might develop. Plaintiff was not a machinist; he was a foreman in that particular department, overseeing the workman there engaged. As said by Mr. Justice Freeman in the opinion of the Branch Appellate Court in case general number 9,724, speaking for that court: ''Then when Meffert told appellee— plaintiff—it did not work properly, appellee, without stopping it in order to examine it, undertook to find out what the matter was by operating it, which he had not been ordered to do at all. This he undertook to do of his own volition and in his own way. He was not injured in obeying any order of the master, but apparently by reason of his own lack of care in handling a machine which he had just been told was not working properly and which was entirely subject to his supervision and control.''

While there is some evidence to support the contention that the shifter stick should have been so hung that when on the tight pulley it would be diagonal, and when on the loose pulley perpendicular, so that if the belt slipped it would stop and not start the machine, and that the slipping of the stick started the machine

and caused the accident, still such fact would not make the master liable for the resulting accident, because plaintiff voluntarily exposed himself to the hazard which his employment did not necessitate or the orders of the master or vice principal make necessary. In other words, the master owed plaintiff no duty in relation to the construction or working of such machine. The duty of the master toward the servant to inspect and repair machinery does not extend beyond the servants hired to work with and operate such machinery, and not to one who meddles with such machinery contrary to his employment, or who is not directly ordered by one in authority over him to work with such machinery or handle some part of it. So in this case, plaintiff voluntarily assuming, without any order, to remedy a defect in the machine, such not being a part of his employment, defendant owed him no duty in relation thereto. If there was anything wrong with the machine, plaintiff's duty was to call upon the machine foreman to remedy the trouble, whatever it may have been, and not attempt to do so himself. His employment did not require him to assume any risk attendant upon an unskilled person's attempt to fix a machine with the intricacies of which he was unfamiliar. Mr. Justice Freeman in case *supra* also said: "But it was appellee's business as foreman to know; he is chargeable in law with knowledge of the conditions in his department which he had full opportunity to know. The employer had a right to assume that as foreman appellee would observe the condition of the machine and appliances, and would act with reasonable care and caution in performing his duties. As foreman in charge of men and machinery in his department, he cannot complain of defects in a machine under his control, for the condition of which he was by virtue of his duties responsible." Toohey v. Equitable Gas Co., 36 Atl. Rep. 314; Erskine v. Chino Valley Beet Sugar Co., 71 Fed. Rep. 270; Bibby v. The Wausau Lumber Co., 80 Wis. 367.

We are satisfied that the evidence in this record fails

to sustain the charge of negligence made against defendant, and that plaintiff is not entitled to prevail and that such evidence is impotent to sustain a verdict in favor of plaintiff if one had been obtained. In this condition of the record the other questions argued become of no controlling importance. Even were the rulings, of the court on the cross-examination of Schwinn erroneous, as claimed, or the instructions criticised vulnerable to the attack made upon them, still the evidence not being of such preponderating weight as to justify the upholding of a verdict in plaintiff's favor, such errors, if errors they are, do not affect the merits of the case, and therefore do not constitute reversible error. W. C. St. Ry. v. Maday, 188 Ill. 308; Crown Coal and Tow Co. v. Taylor, 184 *ibid.* 250.

As the court say in the Taylor case, *supra,* so say we here,—''Even if, however, the court erred in making the modification complained of, a reversal on that ground would not be justified, inasmuch as it appears that by the verdict and judgment below substantial justice has been done, and the jury could have reached no other result from the evidence.''

Three judges at *nisi prius* have granted new trials; one judge directed a verdict; this court reversed a judgment based upon the verdict of a jury. This would seem to mark a strong unanimity of judicial opinion that plaintiff is not entitled to recover, notwithstanding the verdicts of juries to the contrary. It would seem to us, regardless of the technicalities of procedure, that the verdict of the jury and the judgment of the court in the record before us correctly dispose, upon the merits, of plaintiff's action. The judgment of the Superior Court is therefore affirmed.

*Affirmed.*

Mr. Justice BAKER dissenting.