Sandberg v. Brinks Chicago City Express Co., 151 Ill. App. 623.

Erick L. Sandberg, Plaintiff in Error, v. Brinks Chicago City Express Company, Defendant in Error.

## Gen. No. 14,711

1. EVIDENCE—*when question leading as assuming fact.* A question as follows is leading as assuming the existence of a fact in dispute: "And at the same time you settled your claim for damages with the Union Traction Company for $75, didn't you?"

2. APPEALS AND ERRORS—*when errors will not reverse.* If substantial justice has been done between the parties, a judgment will not be reversed even where there may have been errors committed at the trial in admitting or excluding evidence or in the instructions.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 22, 1909.

**Statement by the Court.** This is an action to recover for personal injuries alleged to have been suffered by the plaintiff by reason of the defendant's negligence.

The plaintiff was in the employ of the Chicago Union Traction Company at the time of the accident. At that time the motive power by which a street railway was operated by the said Traction Company on Madison street, Chicago, was furnished by an underground cable. At a point on West Madison street near Fortieth avenue the Traction Company had constructed a vault or underground room extending under both the east-bound and parallel west-bound tracks of the railway. This room was about 65 feet in length, 13 feet wide and 14 feet deep. Access to it was had through a manhole covered by a wooden trapdoor situated in the middle of the space separating the east and west-bound tracks. This trap door was about 29 inches in length north and south and 27 inches in width east and west. It opened on hinges placed at its east

end. The north side of the trap door when shut down was 26 inches south of the south rail of the west-bound track, which track was the northern of the two parallel tracks. The vault or underground room being fourteen feet in depth, the trap door above was reached by a stairway extending up from the floor of the vault to a platform and thence up toward the east side of the trap door. In this vault the cables, by which the cars were operated, were received on what are called "shives," upon which the cables were turned or reversed, running thence back in the direction from which they entered. It was the duty of the plaintiff to watch these cables in order to discover and repair any broken strands and also to oil the "shives."

About 8:30 a. m. the day of the accident plaintiff started to go up out of the vault for the purpose, it is said, of oiling a "shive" in the street. He testifies that he ascended the stairway in the vault to a point just under the trap door, that he raised and lowered the trap door four or five times, raised his head and looked westward along the surface of the street, and then holding the trap door open and at right angles with the surface he ascended the stairway until he could look eastward over the upper edge of the door. As he did so he saw the defendant's team approaching from the east, the wheels of the wagon in the rails of the west-bound or northerly of the two tracks, the horses' heads about five or six feet away from him and the team approaching at a slow trot. The south horse of the team was travelling partly at least south of the south rail of the north track, between that track and the manhole where plaintiff was standing.

Plaintiff testifies that when the team was about half way by the manhole, the driver swung his team to the southwest, causing both the front and rear wheels of the wagon to strike the trap door which plaintiff was still holding open and forcing the door down upon him, causing the injuries complained of.

The issues were submitted to a jury which returned a verdict in favor of defendant. Judgment was entered accordingly and the plaintiff prosecutes this writ of error.

JOHNSON & MOLTHROP, for plaintiff in error.

FRANK M. COX and R. J. FELLINGHAM, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged in behalf of plaintiff, that the trial court admitted improper evidence, erroneously instructed the jury, and that the verdict is against the weight of the evidence.

The evidence objected to is a part of the testimony of the plaintiff drawn out on the cross-examination. He was asked the question: "And at the same time you settled your claim for damages with the Union Traction Company for $75, didn't you?" To this question the witness answered "Yes." The purpose of this line of questions was, as stated by the defendant's attorney, to lay a foundation for the contention that as a matter of law there had been a release of one joint *tort-feasor,* and that this released the defendants. The court permitted the testimony to go in subject to objection as a foundation upon which to base the argument of the question of law, a ruling upon which was reserved, and also upon the ground that the evidence tended to show the plaintiff's earning capacity after the accident. The objection to the question was we think well taken. The question assumed there had been a "settlement" and called for a conclusion of the witness instead of what was done and said at the time referred to. Subsequently, however, the court sustained objections to further questions on that line and held them immaterial except as above stated. Our attention is not called to any evidence tending to show any

626    APPELLATE COURTS OF ILLINOIS.

Sandberg v. Brinks Chicago City Express Co., 151 Ill. App. 623.

negligence of the Traction Company contributing to the proximate cause of the plaintiff's injuries. In its absence the question of law referred to was not involved. We do not, however, regard the introduction of the testimony objected to as constituting reversible error. It had no reference to and no bearing on the accident itself, the manner in which it occurred, nor upon the determination of the real question at issue, namely, whether negligence of the defendants was responsible for the plaintiff's injuries. It could not in our judgment have influenced the verdict upon that question.

Objection is made to certain instructions. One of these was to the effect that negligence of the Traction Company, if any there was, should be considered, as between the plaintiff and the defendants, the negligence of the plaintiff. There being no evidence tending to show that negligence of the Traction Company was in any way responsible for the injuries, the instruction should we think have been refused, but nevertheless we are at a loss to discover wherein it was injurious. We think it was also erroneous to submit to the jury whether the existence of the trap door at the place of the accident was lawful. Questions of law are for the court, not for the jury, and in the case at bar the question of law was not material.

The controlling question in this case, however, is not alone whether there was error in procedure, but whether or not the evidence would have justified the court in permitting a verdict in plaintiff's favor to stand. If substantial justice has been done between the parties the judgment will not be reversed even where there may have been errors committed at the trial in admitting or excluding evidence or in the instructions. O'Fallon Coal Co. v. Laquet, 198 Ill. 125-129; Newkirk v. Cone, 18 Ill. 449-454; Burling v. I. C. R. R. Co., 85 Ill. 18-20; Horn v. Arnold Schwinn & Company, 150 Ill. App. 559.

We are of opinion after a careful examination of the evidence, that the plaintiff's testimony considered by itself fails to sustain the contention that the injuries complained of were the result of defendant's negligence. It is urged that when the plaintiff first looked east over the top of the trap door, the wheels of the approaching wagon were tracking in the west-bound track and had they remained there would have passed by without striking the trap door; that plaintiff was in a safe position and had a right to presume the driver of the wagon "in the ordinary exercise of his seeing faculties" would do nothing to cause him injury. At the time plaintiff's head appeared above the trap door the horses of the approaching team were five or six feet from him and approaching at a slow trot. He says that in a second or two the horses had reached and were half way past him, and it is argued that the driver had ample time to have observed the preliminary raising and lowering of the trap door and to see that plaintiff was standing in the manhole behind it with his head appearing just above it. It was not, however, a mere question of time. He might have had ample time to so observe without being negligent in failing to do so. It was held upon a former appeal (Sandberg v. Brinks, 126 Ill. App. 175-179) that the evidence was "not so clear that all reasonable minds would arrive" at the same conclusion; and therefore there were questions of fact for the consideration of the jury. In that case the trial court had directed a verdict for defendant. The issues have now been submitted to a jury and their finding is against plaintiff as to whether it was negligent on the part of the driver not to have seen the movements of the trap door and avoided turning his horses to the left, causing the wheels to strike against and upon the door behind which the plaintiff was standing. There is no evidence on the part of the plaintiff tending to show that the driver did see either the preliminary or subsequent openings of the trap door, nor that in the exercise of

due care he should have seen them. The driver's testimony is that he did not see such movements. It does not appear from the plaintiff's evidence whether or not the trap door was in the line of the driver's unobstructed vision at the time when the plaintiff moved or raised the door. Indeed it is a matter of mere inference based on no actual evidence whether the driver could have seen the movements of the trap door under the circumstances in time to avoid the accident. To hold the driver guilty of negligence there must be actual evidence and not mere inferences unsupported by evidence. Plaintiff's attorneys in their brief express the belief that the driver did not see plaintiff at all, because they say he was not "paying any attention as to where he was going, for the reason that as he testified on cross-examination, he was cutting across the east-bound track ahead of an approaching car." Assuming that the driver did not see the plaintiff, the fact alone would furnish no evidence of negligence on his part, nor is it of itself evidence of negligence that his attention was given to directing his team in the conditions then existing and in a crowded city street. The evidence of two witnesses for the defendant—the driver and a passenger on the gripcar ahead of the team—is to the effect that the driver of the wagon turned out to the southwest to get around cars ahead, which had stopped in front of him on the track. The only witness of the accident who testified in behalf of the plaintiff, other than the plaintiff, "did not see any part of the accident until the wagon had about passed over this trap door," when he saw the trap door "raised up some" and "the man kind of under it."

For the reasons stated we are unable to agree with the plaintiff's attorneys that the verdict "is so clearly against the weight of the evidence that it ought to be reversed." We are on the other hand of the opinion that the plaintiff has failed to support by his own evidence the averments of his declaration charging the

defendant with negligence causing the injuries complained of. The judgment of the Superior Court will therefore be affirmed.

*Affirmed.*