WILLIAM A. RICHARDSON, *per prochein amy, v.* TOWN OF CONCORD.

*Soldier's Bounty.    Fraud.    Enlistment.    Warranty.*

In assumpsit to recover a town bounty where the defence was an alleged fraud on the part of the soldier in respect to his physical ability to perform military duty, the charge of the court that for the defence to prevail the jury must be satisfied that the plaintiff knew something material about his health or soundness which he misrepresented or concealed, *held,* proper; but would not have been proper with reference to an express warranty, had that been a ground of defence on trial.

THIS was an action of assumpsit to recover a town bounty conceded to be unpaid.    Plea, the general issue.    Trial by jury, December Term, 1866, STEELE, J., presiding.

The defendants promised the plaintiff to pay him seven hundred dollars, town bounty, if he would enlist to their credit, payable when he should be mustered into the United States service.    The plaintiff accordingly, about September, 1864, enlisted ; was mustered in

September 15th, 1864, and passed to the defendant's credit as one man upon the quota they were required to furnish. The town never lost the advantage of his credit, but retained it through the whole period of his enlistment, although the man was discharged before the period expired, and on the 7th of October, 1864.

It appeared that the plaintiff had once been troubled with a hernia, or by a "break or slight rupture which the doctor thought might become a breach" if he was not careful, and, under the direction of "the doctor," the plaintiff had worn a truss.

The plaintiff's testimony tended to show that he, when he enlisted, and before and while negotiating with the selectmen who enlisted him, told them that he had had a rupture, and how he had been, and concealed nothing from them, but that he considered himself cured. The selectmen procured a physician to examine him with reference to this defect, and also as to his general soundness, and he found no blemish in the plaintiff. He was afterwards examined by the surgeon of the provost marshal's office, at Burlington, and accepted; but there was no evidence that either the soldier or selectmen told the surgeon of this previous difficulty. He was then mustered in, and sent to the general rendezvous at New Haven, Connecticut, where he was subjected to further examinations, and was finally rejected, discharged without pay, and sent home, on account of this difficulty. There was no evidence that the soldier was inquired of, at New Haven, as to his previous soundness, but he testified that he did not tell the surgeons of this difficulty.

The defendant's testimony tended to show that after the plaintiff's soundness was questioned at New Haven, he tried to conceal the fact from the town till he could get his bounty.

The plaintiff claimed that the court should order a verdict for the plaintiff, upon the ground that the money was payable when he was mustered in to the credit of Concord, and without reference to his usefulness. But the court ruled, and told the jury, that it was the duty and the interest of the town to raise efficient and valuable men by their bounties, as well as to fill their quota, and if they enlisted the plaintiff in reliance upon his representations as to his soundness, and those representations were false, and known by the plaintiff to be

false, he could not recover; but if the plaintiff believed himself sound, and told the defendant all he knew upon the subject, and concealed nothing relating to his past health or the extent of his past difficulty, but called their attention to it, and subjected himself to an examination with reference to it, and was thereon enlisted by the selectmen as recruiting officers, then the plaintiff should recover whether he was, in fact, sound and fit for service or not; that the only defence to the plaintiff's claim, to be considered by the jury, was the alleged fraud, either by representation or concealment, and that in order for the defendant to prevail the jury must, among other things, be satisfied that the plaintiff knew something material about his health or soundness which he misrepresented or concealed for the purpose of inducing the defendants to enlist him. The defendants excepted to that portion of the instructions of the court to the jury which related to the necessity of knowledge on the part of the plaintiff, in order to render the defence sufficient.

The defendant also petitioned for a new trial on the ground of newly discovered evidence upon the matter of the plaintiff's fraud in his enlistment.

—— *Bartlett*, for the defendant.

*Jonathan Ross*, for the plaintiff, cited to the point that there is no implied warranty arising out of contracts of enlistment, that the person enlisting is sound, *Sanborn* v. *Herring et al.*, Law Register, June No., 1867, p. 457, and cases cited in the note thereto.

The opinion of the court was delivered by

BARRETT, J. " The defendant promised the plaintiff to pay him $700. town bounty, if he would enlist to their credit, payable when he should be mustered into the United States service. The plaintiff, accordingly, about September 1st, 1864, enlisted; was mustered in September 15th, 1864, and passed to the defendant's credit as one man upon the quota they were required to furnish. The town never lost the advantage of his credit, but retained it through the whole period of his enlistment, although the man was discharged before

the period expired, and on the 7th of October, 1864." This much is quoted from the bill of exceptions. This suit is brought to recover said seven hundred dollars. The plaintiff was discharged before joining the army by reason of a supposed physical defect. The defendants claim before this court, in view of facts and evidence detailed in the bill of exceptions, that there was an express warranty by the plaintiff against such defect, and that said warranty was broken in such way as to disentitle the plaintiff to recover. If we could find from the bill of exceptions that the defendants made that point in the county court, it might perhaps be thought that there was error in the instruction to the jury, that the only defence to the plaintiff's claim to be considered by them was the alleged fraud. But we are unable to find that defence was made in the county court on that ground. On the contrary the case shows that it was made solely on the ground of fraud on the part of the plaintiff in concealing and misrepresenting his condition. This is further indicated in the petition for a new trial, which states that the defence was made for concealment by the plaintiff of his alleged breach, and in which the sole ground is newly discovered evidence bearing on the question of fraud. With reference to fraud, as ground of defence, we do not understand it to be claimed that the court did not charge the jury correctly. The exception is taken to the portion of the charge in which the jury were told that, for the defence to prevail, they must be satisfied that the plaintiff knew something material about his health or soundness which he misrepresented or concealed, etc. This was proper with reference to the defence for the alleged fraud, but would not be proper with reference to an express warranty. We should have no difficulty in adopting the views of learned counsel for the defendants on the subject of *scienter*, if the alleged warranty was properly presented for our consideration.

It is often said, and has been often held, that the court ought to give correct instructions to the jury as to matters of law involved in the case as tried, without special request; and if, without specific requests for a charge, the court gives incorrect instructions, it may be made the subject of exception. But, in the present case, we think the presiding judge fully performed his duty when he correctly

charged the jury as to the law in reference to the right and claim asserted by the plaintiff, and the defence asserted by the defendant, on the trial, and do not regard it error for him to omit to charge as to a defence which was not made, even if it should be thought that such defence might have been legitimately made ; nor for him to give instructions that were correct as to the defence that was, in fact, made, but would not. be correct as to a defence that might have been made on some other ground, but was not made.

As the case shows that the terms of the contract were literally fulfilled by the plaintiff, and that he answered on the quota of the town, and that the case was properly put to the jury on the subject of the fraud asserted in defence, this court finds no occasion to express views on other topics presented in the argument ; and, therefore, refrains from discussing the subject of the rights and interests of the town in respect to such enlistments, and how far they would have the right to insist on the plaintiff's soundness, and fitness for military service, beyond the point of his answering on the quota assigned to such town.

The judgment is affirmed.

The petition for a new trial was not made the subject of argument, and we infer that it is not relied on. If it is, we think it cannot be sustained upon any view applicable to the subject.

The petition is dismissed, with costs.