WILLIAM D. SHERMAN *vs.* THE DELAWARE & HUDSON CANAL COMPANY.

January Term, 1899.

Present:  TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed May 6, 1899.

*Fellow Servant—Question of Fact.*—The plaintiff, while repairing one of the defendant's cars, was injured by the negligent starting of the train, and the question was whether he was a servant of the defendant and so a fellow-servant of the engineer, or the servant of another railroad company which had charge of the repairing for the defendant. Under the circumstances, which are too voluminous to be stated here, the question was held to have been properly submitted to the jury as one of fact.

*Contributory Negligence.*—The question of contributory negligence was also properly treated as one of fact.

*Sufficiency of Evidence—Exception.*—As to the sufficiency of evidence upon a given point, parties are bound in this court by the position they have taken in the court below.

*Notice.*—If the engineer was absent, and the fireman was in control of the engine and the one to start it, notice to him of the plaintiff's position was sufficient notice to the defendant, and the court cannot say that notice should have been given to the conductor.

*Evidence.*—It was competent to inquire of the engineer, who was improved as a witness by the defendant, as to what were the duties of the fireman in respect to calling his attention to the fact that a person was engaged in his duties about the train who would be in danger from the starting of the engine.

CASE. Trial by jury, at the March term, 1898, Rutland county, *Start*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The plaintiff sought to recover damages for injuries sustained by reason of falling from a ladder upon which he was standing while taking measurements of a ventilator upon a passenger car of the train. His fall was occasioned by the starting of an engine attached to said car.

*Butler & Moloney*, for the defendant, cited, 3 Woods, Railroad Law, 338, 1768; *Swainson* v. *North Eastern R. Co.*, L. R. 3 Exch. Div. 341; *Latremouille* v. *B. & R. R. Co.*, 63 Vt. 345; *Magoon* v. *B. & M. R. Co.*, 67 Vt. 177; *Boss* v. *N. P. R. R.*, 33 Am. St. 756; *Church* v. *Chicago, M. & St. P. R. Co.*, 52 N. W. 647; *Ruppert* v. *Brooklyn Heights R. Co.*, 154 N. Y. 90; *People* v. *Kennedy*, 32 N. Y. 141; *Searles* v. *Manhattan R. Co.*, 101 N. Y. 661; *Bohan* v. *Milwaukee, etc., R. Co.*, 61 Wis. 391.

*G. E. Lawrence* and *J. C. Baker* for the plaintiff.

THOMPSON, J. The plaintiff's evidence tended to prove that the Rutland Railroad was under a contract with defendant to inspect its passenger cars arriving at the Union depot in Rutland, and to make such needed repairs thereon as the defendant chose to have made there instead of making them itself at its shops in Salem, N. Y., or some other place in New York; that as a rule the defendant furnished the materials for such repairs as were made by the Rutland Railroad, but sometimes the latter furnished them; that at the time of plaintiff's injury, he was in the employ of the Rutland Railroad as a car inspector, and that it was his duty to examine the inside and outside, except the trucks, of all cars, including the defendant's, coming into this depot, and if any repairs were needed to report them to Henry Adams, the foreman of the car shops of the Rutland Railroad; that if the repairs were such as would not pay to take the car to the repair shops, like repairing broken glass,

ventilators and similar small jobs, he made the repairs himself; but that all that he did as well as his time, was reported to Adams, and for his services, he was paid by the Rutland Railroad, which rendered a monthly bill for the services of its employees and for material used, to the defendant, which paid it monthly for the same; that whenever need of repairs was called to his attention by the servants of the defendant, or the Rutland Railroad, or by a stranger, or by his own observation, it was plaintiff's duty to inspect at once, and attend to such repairs as were made by him; that when in need of materials for repairs, he at times called on Pierce, the foreman of the defendant at Rutland, for the same; that the plaintiff received his orders, in respect to inspecting and making repairs, from Adams; that on one or two occasions the plaintiff had informed Pierce of some little jobs of repairs which defendant wanted done at Green Island when the car reached there; that on the evening of the day before the accident, the plaintiff was informed by Shippey, another car inspector of the Rutland Railroad, doing the same kind of work as the plaintiff, that a ventilator in connection with the stove pipe in one of defendant's passenger cars, was broken off, and that Shippey requested him to measure it and have one put on; that on the following morning, about a quarter past six, plaintiff went through the depot, past the engine attached to the car in question, and that there was then no one on the engine; that he then went into the car and learned what was wanting; that he then went out and looked at the top of the car, then went around the car, and there saw the fireman of the engine and told him not to start for a few minutes, as he (plaintiff) had got to go up on top of the car; that plaintiff then ran to the car-house about one hundred and fifty feet away, got a ladder and went back to the engine, and requested the fireman not to start the train until he (plaintiff) went up and fixed the car; that in response to this, the fireman said, "What?" and that plaintiff replied

"Don't start, because I have got to go up and measure the car; I have got to go up and measure the ventilator"; that thereupon plaintiff placed the ladder against the outside of the car, and went up on it to where the ventilator was located between the upper and lower decks of the top of the car, and while he was measuring the ventilator, the train was started by the engineer and the plaintiff was thrown down and received injuries for which this suit is brought to recover damages. Plaintiff's evidence tended to prove that the engineer was not in or about the engine when plaintiff went for the ladder and when he returned to the car and spoke to the fireman requesting him not to start the train, and that the fireman was the only person then in the engine; that this train was not run on the day of the accident by the regular conductor; that the person who was conductor was in the car when the plaintiff went into it before getting the ladder, but that he did not then know he was the conductor; that this train was known as the Salem freight and left Rutland about half past six o'clock in the morning and returned there at about the same hour in the evening of the same day; that at the time of the accident there was only the passenger car attached to the engine, and that the plaintiff's usual working hours were from seven o'clock in the morning until six o'clock in the evening.

The defendant claimed that at the time of the accident, the plaintiff was acting as its servant, and that his injury resulted from the act or negligence of a fellow servant, and that consequently he could not recover, and at the close of the evidence moved the court to direct a verdict for it on this ground. It now contends that it was error for the court below to submit to the jury the question whether the plaintiff at the time of the accident was in its employ, or was then acting as the servant of the Rutland Railroad. Some of the evidence introduced by the defendant tended to show that plaintiff was then its servant, and some of its

testimony tended to show that he was then in the employ and service of the Rutland Railroad in performing its duty as contractor to inspect and repair the cars of the defendant. The plaintiff's testimony also tended to prove that he was not the servant of defendant, but was the servant of the Rutland Railroad and engaged in performing its service when the accident occurred. There being a conflict in the testimony on this point, the court below was right in submitting the question to the jury. Under proper instructions, the jury found that plaintiff was not then the servant of the defendant, and that he then was the servant of the Rutland Railroad. Being under the control and direction of the latter as his master and performing its service as contractor, the plaintiff was not a fellow servant of defendant's servants who were operating the train in question, and consequently the doctrine of fellow servant does not apply. 1 Shearm. & Red. Neg., § 225; 3 Wood Rail. (1st ed.) § 388; *Goodfellow* v. *Boston, H. & E. R. R.*, 106 Mass. 461; *Sawyer* v. *Rutland & Burlington R.*, 27 Vt. 370; Shearm. & Red. Neg. (2nd ed.) § 101; *Louisville, New Orleans and Texas R. Co.* v. *Conroy*, 63 Miss. 562: 56 Am. Rep. 835.

The defendant also contends that it was error for the court below not to hold, as requested, that as a matter of law it was contributory negligence for the plaintiff to go up on to the car as he did, instead of having it run down by defendant's yard where repairs were usually made. It was clearly a question of fact for the jury to determine whether the plaintiff exercised the care and prudence of a prudent man under like circumstances, in view of the purpose for which he mounted the ladder and went on to the side of the car, the proximity of other trains about to start, and the notice he gave the fireman who was apparently in charge of the engine. In view of all the circumstances of the case, it could not be said as a matter of law that it was contributory negligence for plaintiff to do as he did. Hence

this contention of the defendant is not sustained. These are the only grounds upon which the court below was asked to direct a verdict.

The charge of the court on the subject of contributory negligence as applied to this case was correct.

The defendant excepted to the charge of the court that if the engineer was away from the engine, the fireman was the proper person for him to notify that he was going up on to the car, provided the fireman was in charge of the engine and then had control of it to start it. The ground of this exception stated at the trial below, was that the conductor was the person to whom the notice should have been given. Although the defendant has argued this exception in this court on the ground that there was no evidence tending to prove that the engineer was away from the engine, as well as on the ground of exception taken below, he is confined in this court to the position then taken, as the court below was not called upon to pass on the question of the sufficiency of evidence, now attempted to be raised. However, the record shows there was evidence tending to prove that the engineer was away. If the fireman was in control of the engine and the one to start it, notice to him would be sufficient to make defendant liable for injury to plaintiff by the careless starting of the train after such notice, without giving him notice of the purpose to start it, and an opportunity to escape from the perilous position in which he would be, if the train were to start.

It was competent to inquire of the engineer, who was improved as a witness by the defendant, as to what were the duties of the fireman in respect to calling his attention to the fact that a person was engaged in his duties about the train, if he would be in danger from the starting of the engine.

*Judgment affirmed.*