FRED C. H. FRAPPIEA v. NELSON S. JOHNSON.

January Term, 1903.

Present: TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 5, 1903.

*Conversion by mortgagee—Measure of damages—Concession as to rule.*

When damages are awarded according to the rule contended for by a party, his exception thereto will not be sustained.

TROVER. Plea, not guilty. Trial by jury, at the June Term, 1902, Orange County, *Rowell,* C. J., presiding. Verdict and judgment for plaintiff. The defendant excepted.

*William Batchelder* and *Darling & Darling* for the defendant.

The true measure of damages was the value of the property at the time of the taking, less the amount of the lien. *Deal* v. *Osborn,* 42 Minn. 102; *Cushing* v. *Seymour,* 30 Minn. 301; *Kimball* v. *Marshall,* 8 N. H. 291; *Russell* v. *Butterfield,* 21 Wend. 300; *Chamberlin* v. *Shaw,* 18 Pick. 278; *Brierly* v. *Kendall,* 17 A. & E. 937.

The sum found as the value of the use of the horses is not recoverable. *McLoud* v. *Wakefield,* 70 Vt. 558; *Longey* v. *Leach,* 57 Vt. 377; Jones Chat. Mort. s. 426; 1 Cobbey Chat. Mort. s. 500; Pingrey Chat. Mort. s. 665; 5 Enc. Law (2 Ed.), 985.

The defendant is not precluded from insisting upon a proper judgment by his conduct at the trial. *Holman* v. *Boyce,* 65 Vt. 318; *Newton* v. *Watkins,* 12 A. & E. 925; *Railroad Co.* v. *Howard,* 13 How. 307; 11 Enc. Law (2 Ed.), 446.

*David S. Conant* and *R. M. Harvey* for the plaintiff.

The defendant is estopped from questioning the correctness of the rule of damages adopted at his request. 3 Cent. Dig. 3603.

TYLER, J. Trover for two horses which the defendant sold the plaintiff for $200, the plaintiff giving therefor two $100 notes, signed by himself with a surety, and payable respectively six and twelve months after date; he also gave the defendant a chattel mortgage upon the horses and upon four cows, to secure the payment of the notes. The mortgage contained no agreement in respect to the possession of the property.

The defendant's agent took the horses from the plaintiff's possession and removed them to New Hampshire, and they

were sold by the defendant before this suit was brought. The plaintiff's evidence tended to show that they were taken from him and sold against his will and protest, while that of the defendant tended to show that the plaintiff consented to the taking and sale. The plaintiff had paid nothing upon the notes when the horses were taken, nor has he since paid anything thereon. The notes and security remain the same as when they were given.

It was agreed that the defendant had no right to take the horses without the plaintiff's consent, until the expiration of thirty days from the maturity of the first note, and the case was tried and submitted to the jury, so far as the right of recovery was concerned, upon the question whether or not such consent was given.

At the close of the evidence, upon inquiry by the Court, the plaintiff claimed that he was entitled to recover the value of the horses at the time of the taking, and such further damages as he had sustained by being deprived of their use. The defendant claimed the rule to be the value of the horses only, and the plaintiff's opening argument and both of the defendant's arguments were made upon these theories; but, before the plaintiff's closing argument was made, the defendant claimed to the Court that the rule of damages was the value of the property taken, less the amount of the lien, and that there could be no recovery if the lien was as much as the value of the horses. Upon discussion, the defendant finally insisted that the rule was the value of the use of the horses from the time of the taking to the expiration of thirty days after the first note fell due, and abandoned the claim that there could be no recovery if the lien was as much or more than the value of the property. The Court was not satisfied that the defendant ought to make the latter claim at that stage of the trial,

but submitted to the jury to find whether or not the defendant was guilty, and if guilty, what was the value of the horses, and what the value of the use from the taking until December 16, 1901, the time when the defendant was entitled to take the horses by the statute. To this action of the Court neither party excepted. The jury rendered a verdict of guilty, and found that the value of the horses was $184..10, and that their use for the time stated was of the value of $90.

1. The special verdicts were taken with the acquiescence of counsel on both sides. After verdict counsel were heard upon the question of judgment, and the defendant's counsel then contended that, upon the facts found, the judgment should be for him; he also contended that the removal by him of the horses from this State did not constitute a conversion.

2. While the Court was considering what the judgment should be, the defendant refused to surrender the notes and security, or to file them with the clerk of the Court.

3. The Court directed a judgment for the smaller sum found by the jury, to which the defendant excepted. This was the only exception taken by him in the trial. When the judgment was entered the defendant had abandoned his first ground, that the damages should be the value of the horses at the time of the taking; also his second ground, that the rule should be the value of the horses less the lien, and that therefore there could be no recovery; and the Court had submitted the case to the jury upon the defendant's third ground, that if he was found guilty the damages should be the value of the use.

Upon the verdict there could not have been a judgment for the defendant, nor a judgment against him for nominal damages. The verdict established the fact that the taking of

the horses was wrongful, and entitled the plaintiff to a judgment. The horses having been taken unlawfully, the defendant had no right to their use, and he could not offset his lien against the value of such use.

Upon the defendant's claim that the rule of damages was the value of the use of the horses, he conceded his liability for the use, provided the jury should find the taking was without the plaintiff's consent. The judgment was for the sum contended for by the defendant, if he was liable at all, and his exception thereto cannot be sustained.

*Judgment affirmed.*