ANNIE FOGARTY *v.* RUTLAND STREET RAILWAY COMPANY.

October Term, 1904.

Present:   ROWELL, C. J., MUNSON, START, WATSON, HASELTON, and
POWERS, JJ.

Opinion filed May 18, 1905.

*Street Railroads—Negligence—Plaintiff Bound by Theory of Declaration—Inconsistent Requests to Charge.*

In an action for injuries to a passenger when alighting from defend-
ant's street car, plaintiff's declaration and evidence showed that
after the car had come to a full stop for plaintiff to alight it was
suddenly started as she was about to step off, whereby she was
thrown to the ground and injured, and in argument plaintiff's
counsel expressly disclaimed any right to recover on any other
state of facts. *Held,* that plaintiff could not complain that the
court, in submitting the case to the jury, refused to charge that
plaintiff might recover on any other theory than that the 'acci-
dent occurred after the car had come to a full stop.

CASE for negligence. Plea, the general issue. Trial by
jury at the March Term, 1904, Rutland County, *Tyler,* J.,
presiding. Verdict and judgment for the defendant. The
plaintiff excepted.

The plaintiff requested the court to charge that "if the
plaintiff proceeded to the platform while the car was in mo-
tion, and then attempted to alight while the car was still mov-
ing, but going as slowly as the defendant's testimony tended
to show, and the car was then started and she was thereby
thrown to the ground, it was not negligence upon her part,
as a matter of law, and she could recover."

The court refused to so charge to which the plaintiff ex-
cepted.

*P. M. Meldon* and *M. C. Webber* for the plaintiff.

*Butler & Moloney* for the defendant.

The plaintiff cannot try and argue her case on a certain theory and complain because the court does not submit the case to the jury upon a different theory. *Hamblet* v. *Bliss,* 55 Vt. 533; *O'Connor* v. *Sowles,* 57 Vt. 470; *Hawkins* v. *Ins. Co.,* 57 Vt. 591; *Rollins* v. *Chambers,* 51 Vt. 592; *Richardson* v. *Concord,* 40 Vt. 207.

POWERS, J.    The plaintiff seeks damages for injuries received while she was alighting from the defendant's trolley car.    By her declaration she charges that after the car had come to a full stop for her to alight, it was suddenly and carelessly started, and that thereby she was thrown to the ground and injured.    This was the case made by her evidence, and in argument her counsel not only put the claim of recovery upon this ground, but expressly disclaimed any right of recovery on any other ground or state of facts.

In these circumstances the plaintiff cannot complain that the court in submitting the case to the jury, omitted or declined to recognize and submit some other theory on which a recovery might be predicated. *Richardson* v. *Concord,* 40 Vt. 207; *Sherman* v. *Canal Co.,* 71 Vt. 325, 45 Atl. 227; *Frappiea* v. *Johnson,* 75 Vt. 397, 56 Atl. 100.    So the court correctly charged the jury, in effect, that if the plaintiff had established her claim that the accident occurred after the car had come to a full stop for her to leave it she could recover; otherwise she could not.    This instruction was in language so clear as to leave no room for doubt that the jury fully understood the question they were to decide.

But it is urged that in restating the question, the court said: "On the other hand, if you find that when she (plaintiff) reached the platform, the car was then in motion, we in-

struct you that she is not entitled to recover, as a matter of law, *because the law would not uphold her, in the circumstances of this case, to attempt to alight from the car while it was still in motion."* And it is insisted that that part of the instruction here italicised, as an abstract proposition, is not sound. But of this we need not inquire. For the jury had already been correctly instructed, in entire harmony with the plaintiff's claim, that if the car was in motion when she attempted to get off, there could be no recovery. Such was the dominant idea of this instruction, and whether the reason assigned was sound or otherwise was, in view of the position the plaintiff had taken, immaterial and could not prejudice.

Nor can the exception to the court's refusal to charge on the subject of contributory negligence according to the plaintiff's request, avail her, for she had put the question of contributory negligence out of the case by the disclaimer above referred to; and although it may have contained a sound proposition of law (a question which, though argued is not decided) it was not, for the reason stated, applicable to the case on trial. *Winn* v. *Rutland,* 52 Vt. 481.

After the charge was given, the plaintiff claimed the right to recover even though the car was moving at the rate indicated by the defendant's evidence. But it was then too late. The court was under no obligation to give a new charge on a theory then for the first time adopted and utterly inconsistent with that which had obtained throughout the whole course of the trial.

*Judgment affirmed.*