WILLIAM H. COMSTOCK v. THE UNION PACIFIC RAILWAY COMPANY.

No. 7835.

1. INJURY TO EMPLOYEE—*Evidence.* In an action against a railway company to recover damages for injuries sustained by a person while employed as a section-hand, at work on the track, by a passing train, it is proper to show what the duties of the foremen are with reference to keeping the time and warning the workmen of the approach of trains.

2. ERROR *in Sustaining Demurrer to Evidence.* Where, in such an action, there is evidence tending to show negligence on the part of the company, and where it does not clearly appear that the plaintiff was guilty of contributory negligence, it is error to sustain a demurrer to the testimony.

*Error from Logan District Court.*

THE opinion, filed December 7, 1895, states the case.

*E. A. McMath,* and *A. C. Towne,* for plaintiff in error.

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J. : The plaintiff in error, as plaintiff below, brought this action against the railway company to recover damages claimed to have been caused by the negligence of the defendant's servants in the operation of its railway. The plaintiff was employed as a section-hand at Oakley. On the 14th of September,

1889, he was directed by the foreman under whom he was working to level cinders between the rails of the main track not far from the station at Oakley. While so engaged working with a shovel, with his head bent down, he was struck by an engine coming from the west, knocked senseless, and one of his legs broken. It appears that at about the time of the accident the whistle of the engine was sounded and probably the bell was rung, but the plaintiff testified that he did not hear any warning, and the testimony of the other witnesses is to the effect that the sounding of the whistle was at about the same time that the plaintiff was struck. The foreman called to him at about the same time that the whistle was sounded, but as he was at some little distance from him he did not hear it. The plaintiff sought to prove what the duties of a section-foreman were, and especially his duty with reference to keeping the time and notifying the men when at work on the track of the approach of trains. This testimony the court excluded. After all of the testimony on behalf of the plaintiff had been submitted, the court sustained a demurrer to it, and rendered judgment in favor of the defendant for costs. We are not informed by the record on what ground the court acted; whether it held that there was no proof of negligence on the part of the defendant's servants, or that there was an affirmative showing of contributory negligence on the part of the plaintiff. It appears that the wind was blowing very hard and the air filled with dust, while the plaintiff himself testified that he was working with his face toward the west, that he was in such a stooping position that he did not see the approaching train, and that he did not hear any warning of its approach from any source.

We think it was a question of fact, which should

have been submitted to the jury, whether the engineer in charge of the train was negligent in failing to give the danger signal before he did, and also whether it was negligent in the foreman to place the plaintiff at work on the track at the time a train was nearly due, without keeping watch and warning him of its approach in time to avoid injury. It was also proper for the plaintiff to show what the duties and practice of the foremen were with reference to keeping time and notifying the men of approaching trains, and the court erred in excluding this evidence. It had some bearing both on the question of negligence on the part of the foreman and of contributory negligence on the part of the plaintiff. Nor can we say, as a matter of law, that the plaintiff was guilty of contributory negligence. His position was not that of a trespasser, nor of a traveler crossing a railroad track. He was at his post of duty, though in a situation of danger. Whether the defendant ought to have kept his eyes diverted from his work frequently enough to detect the approach of a train from either direction, or whether he might rely to some extent at least on receiving warning either from the foreman or from the engineer of an approaching train, is a question of fact proper for the determination of a jury. (*Goodfellow v. Railroad Co.*, 106 Mass. 461; *Crowley v. Railroad Co.*, 18 Am. & Eng. Rld. Cases, 56; *Criswell v. Railroad Co.*, 33 id. 232; *Sullivan v. Mo. Pac. Rly. Co.*, 10 S. W. Rep. 852; *Jones v. Railway Co.*, 128 U. S. 443.)

The judgment is reversed, and a new trial ordered.

All the Justices concurring.