GEORGE RAY, *Appellee,* v. THE KANSAS CITY-WESTERN
RAILWAY COMPANY, *Appellant.*

No. 16,573.

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Employee at Work upon a Railway Track
—Duty to Keep Lookout.* In an action for personal injuries
received by one of the crew of an electric car which had been
derailed, while he was picking up the tools that had been
used in replacing it, by being struck by another car, *held,*
that the evidence justified a recovery on the theory that the
plaintiff was injured while engaged in work requiring his
presence upon the track under such circumstances that he was
not under an absolute duty to keep an outlook, and that the
motorman of the approaching car, in view of what he saw,
could have anticipated that some one might be in a place of
danger and ought to have stopped or sounded a warning.

Appeal from Leavenworth district court; ELI NIRD-
LINGER, judge *pro tem.* Opinion filed June 11, 1910.
Affirmed.

*William Warner, O. H. Dean, W. D. McLeod, H. C.
Timmonds,* and *H. M. Langworthy,* for the appellant.

*John T. O'Keefe,* for the appellee.

The opinion of the court was delivered by

MASON, J.: The Kansas City-Western Railway Com-
pany appeals from a judgment rendered against it in
favor of George Ray on account of a personal injury
received while in its employ. It maintains that the evi-
dence had no tendency to show negligence on its part,
but on the other hand conclusively established that the
accident was occasioned by the plaintiff's own want of
due care.

Two empty electric cars were being taken from Leav-
enworth to Kansas City. Ray was helping run the sec-
ond car, upon which were tools for rerailing cars in case
of accident, consisting of jacks, crowbars, and pieces of
board. The first car jumped the track between sta-

Ray v. Railway Co.

tions. The two crews, by the aid of the tools referred to, placed it back upon the rails, and it was run a short distance ahead. The second car was then brought up, and it also was derailed at the same point. Under the direction of the roadmaster, who had been upon the other car, it was replaced, moved forward a distance of ten or twenty feet, and stopped long enough to allow the tools to be loaded into the rear vestibule. While Ray was picking up one of the pieces of board which had been used in the work and left lying on the track he was run into by a regular passenger car, and received the injury complained of.

The plaintiff claims that he was injured while in the performance of a duty requiring his presence upon the track; that therefore he was not under a positive requirement to keep a lookout for an approaching car, but that it was the company's business to protect him, either by stopping such a car or by warning him of its approach, and that the omission to do so was actionable negligence.

The defendant insists that at the time of the injury the work upon the track had ceased, and that the plaintiff voluntarily and carelessly stepped upon the track in front of the approaching car when it was so near that no effort of any other employee could have saved him, and therefore that his injury was the result of his own negligence.

An employee had been sent back about seventy feet to flag the third car, the motorman of which testified that while about 250 feet away he saw the signal, and also the plaintiff standing beside the track near the second car; that he supposed he was flagged merely to prevent his running into the car; and that it did not occur to him that there was any other danger until Ray suddenly stepped upon the track ten or fifteen feet ahead of him, too late for the car to be stopped or for a bell or whistle to be sounded.

Although the testimony was conflicting we think

45—82 KAN.

there was some evidence to support the view that the picking up of the board was a part of the operation of collecting the tools and clearing the track; that the plaintiff was consequently injured while performing a duty which required him to be upon the track, and was therefore relieved from the absolute duty of keeping a lookout, being required only to exercise reasonable care in view of all the circumstances; that the motorman, on seeing the car standing still ahead of him, with the plaintiff near it, should have inferred that the flagman's signal was intended in part at least for the protection of any of its crew who might be at work about it, and that by failing to stop or sound a warning he negligently caused the accident.

Complaint is made in detail regarding the charge to the jury. Some of the instructions given lacked accuracy of expression, and some of those refused might well have been given, but upon the whole the respective duties of the parties were fairly defined, and it does not appear that any substantial injustice was done to the defendant. In the appellant's brief it is said:

"The motorman had no notice or knowledge that any duty would require the plaintiff to be working at that point, and he (the plaintiff) must, from the nature of the work he was doing, have known this and assumed the risk accordingly. Such being the case, the motorman had the right to assume that the plaintiff would observe reasonable precaution for his own safety and avoid the on-coming car, and the failure to sound a warning was not negligence."

The motorman knew that the car ahead of him had stopped at an unusual place, for some purpose that was not apparent. The jury were justified in regarding this as notice to him that its crew might be upon the track near it, engaged in work requiring their whole attention and preventing their keeping constantly on guard against another car. The instructions with regard to speed, outlook and warning must be considered in the light of this situation, which distinguishes this case

from those in which trackmen have been injured through their failure to watch for a train the approach of which was to have been expected.

The petition alleges negligence of the defendant in failing to post a flagman. The evidence as a whole showed quite clearly that one was sent out; yet, as there was some slight testimony to the contrary, it was not error to submit the question to the jury. The precise issue in this regard presented by the pleadings was somewhat broadened in the instructions, but not sufficiently so to constitute error.

Cross-examination of the plaintiff upon a matter affecting his credibility was restricted, but went far enough to advise the jury of the substantial facts involved.

The jury found specially that the plaintiff could have seen the car if he had looked, and that the motorman could not have stopped it after seeing him upon the track in time to avoid the accident. But the general verdict implies findings that the plaintiff's situation was such that he was under no absolute duty to keep a lookout, that he used diligence adapted to the situation, and that the motorman should have anticipated that he might get upon the track.

The judgment is affirmed.