## PATRICK RILEY v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

### Division One, April 2, 1914.

1. **LAW OF SISTER STATE: Injury in Kansas: Action in Missouri.** The law of Kansas, when pleaded and put in evidence, governs in an action in Missouri to recover damages for an injury that occurred in Kansas.

2. ———: ———: ———: **Negligence: Province of Court and Jury.** By the laws of Kansas, if only one conclusion can be drawn from undisputed facts the question of negligence is one of law. If reasonable minds might differ upon that question, the jury must decide.

3. ———: ———: ———: ———: **Going Upon Railroad Track: Injury to Employees.** By the laws of Kansas any one who goes upon or near a railroad track is bound, at his peril, to make diligent use of his senses of sight and hearing in order to detect the approach of trains, and if, in disregard of his duty to his own safety, he steps upon the track without looking or listening he is guilty of such negligence as to bar an action for the injury. That general rule does not apply, however, to employees whose duties require their presence upon the track, the performance of which duties necessarily preclude the strictest attention to the approach of trains.

4. ———: ———: ———: ———: ———: ———: **Last Clear Chance: This Case.** Plaintiff was in defendant's employ as a section hand and had worked in that capacity for various roads for 25 or 30 years, but he was injured on the fifth day after entering defendant's service. Where the injury occurred there were five or six tracks, and plaintiff testified that there had been a great deal of switching thereabout every day. He testified that on the morning he was injured he and three others, with the section foreman, were putting new ties in a track in the yard; that while so engaged a car was set in on the track on which he was working, and that, being therefore unable to continue until the car was removed, he stepped back from the track on which he had been working and "stood there a little longer, in the same place, a couple of minutes, and got hurt." The car that struck him was moving eastward at the rate of four to six miles per hour, upon the track next south of that which plaintiff had just abandoned. Plaintiff said that he stood looking at the ground, or "at the work," and that he knew there were several tracks to the south, and that he did not look to

see how close he was getting to the nearest one, and after stepping back did not look either east or west along the track near which he stood, before the car struck him. The day was clear and there was nothing to obstruct plaintiff's vision in either direction along the track near which he stood. There was evidence that the engine and cars made no noise as they approached and that no warning was given to plaintiff. There is no evidence that any member of the switching crew saw plaintiff's danger until he was struck, and the section foreman and the hands did not observe it until the moment of the collision. *Held*, in accordance with the laws of Kansas, that the plaintiff's recovery is barred by his contributory negligence, since his duties did not require his presence upon the track over which ran the car that struck him. Nor has he a right to recover on the last clear chance theory, for that doctrine is not extended in Kansas to cases where the plaintiff's own negligence extended up to and actually contributed to the injury.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.


Reversed.


*Cyrus Crane* and *George J. Mersereau* for appellant.

(1) (a) Plaintiff was guilty of contributory negligence as a matter of law and the case should be reversed on that account. Harlan v. Railroad, 65 Mo. 22; Hayden v. Railroad, 124 Mo. 566; Dyrcz v. Railroad, 238 Mo. 46. In Kansas the rule as to contributory negligence is the same. Dyerson v. Railroad, 74 Kan. 528; Coleman v. Railroad, 123 Pac. 756; Dunlap v. Railroad, 123 Pac. 754; Marple v. Railroad, 85 Kan. 699; Beech v. Railroad, 85 Kan. 90; Jones v. Railroad, 85 Kan. 313; Railroad v. Adams, 33 Kan. 427; Clark v. Railroad, 35 Kan. 350; Railroad v. Davis, 37 Kan. 743; Railroad v. Townsend, 39 Kan. 115; Railroad v. Fisher, 49 Kan. 460; Railroad v. Holland, 60 Kan. 209; Railroad v. Willey, 60 Kan. 819; Railroad v. Trahern, 77 Kan. 803. (b) Plaintiff cannot excuse his contributory negligence by the plea that he

relied on the foreman or some one else to warn him: Turner v. Railroad, 74 Mo. 607; Henze v. Railroad, 71 Mo. 640. Reliance on the observance by the railway of ordinances is no excuse. Green v. Railroad, 192 Mo. 131; Bragg v. Railroad, 192 Mo. 331; Nixon v. Railroad, 141 Mo. 425; Reeves v. Railroad, 158 S. W. 2. Nor on watchmen. Hodgin v. Railroad, 143 N. C. 93; Tiffin v. Railroad, 93 S. W. 564; McGrath v. Railroad, 59 N. Y. 468; Smith v. Railroad, 141 Ind. 92; Golinoux v. Railroad, 125 Iowa, 162; Duncan v. Railroad, 46 Mo. App. 198; Weller v. Railroad, 120 Mo. 653; Dixon v. Railroad, 104 Mo. App. 491; Mockowik v. Railroad, 196 Mo. 550; Schaub v. Railroad, 133 Mo. App. 444. (c) In Kansas, where the accident occurred, the humanitarian rule is not applied as in Missouri and plaintiff has no case because his negligence continued up to the time the accident happened. The law as declared in Kansas where the accident occurred, is to be applied. Yost v. Railroad, 149 S. W. 577; Newlin v. Railroad, 222 Mo. 375; Root v. Railroad, 195 Mo. 345; Fogarty v. Transfer Co., 180 Mo. 490; Chandler v. Railroad, 127 Mo. App. 34. The Kansas rule prevents recovery. Dyerson v. Railroad, 74 Kan. 528; Coleman v. Railroad, 123 Pac. (Kan.) 756; Dunlap v. Railroad, 123 Pac. (Kan.) 754.

*Charles A. Stratton, Hale, Dean & Higgins* and *Bird & Pope* for respondent.

BLAIR, C.—A freight car being propelled by one of defendant's switch engines through the Armourdale, Kansas, yards struck and injured plaintiff as he stood near the track over which it was moving. This appeal is from a judgment for plaintiff.

Both parties pleaded the law of Kansas and offered in evidence decisions of the Supreme Court of that State.

The question presented is the sufficiency of the evidence to support a judgment against defendant.

Plaintiff was in defendant's employ as a section hand and had worked in that capacity for various roads for twenty-five or thirty years, but he was injured on the fifth day after entering defendant's service. At the place the injury occurred there were five or six tracks, and plaintiff testified there "was lots of switching done in that yard" and that "they had switched around there a good deal every day before that." He testified that on the morning he was injured he and three others with the section foreman, Young, were putting some new ties in one of the tracks in the yard; that while so engaged a car was set in over the rail at the place at which he and another were working, and that being unable to proceed until this car was removed, which he understood would be done in a few minutes, he stepped back from the track on which he had been working and "stood there a little longer, in the same place, a couple of minutes and got hurt." The car which struck him was moving eastward at the rate of four to six miles per hour, upon the track next south of that upon which plaintiff had been at work. Plaintiff said after he stepped back he "just stood there right by the car, for a minute or two, ready to go to work at the other tie;" that he "stood looking at the ground at that time;" that he "was looking at the work;" that he knew there were several tracks south of that upon which he was working and did not look to see how close he was getting to the nearest one, and, after stepping back, did not look either east or west along the track, near which he stood, before the car struck him.

The day was clear and there was nothing to obstruct plaintiff's vision in either direction along the track near which he stood when struck. There was evidence the engine and cars made no noise as they

approached plaintiff and that no warning was given
him of their approach. There is no evidence that any
member of the switching crew saw plaintiff's danger
until he was struck, and the section foreman and sec-
tion hands did not observe it until the moment of the
collision. There was some evidence of a custom of
section foremen to warn the section hands, while at
work, of approaching trains, but at the moment plain-
tiff was struck Young was several feet away, instruct-
ing other section hands in the work they were doing,
and plaintiff says he did not see Young after stepping
back from his work and before he was struck. It is
clear, however, that Young, from the place where he
was engaged, could have seen plaintiff.

Counsel agree that the law of Kansas must govern
the disposition of this case. In that State the rule is
that, ''If only one conclusion can be
drawn from undisputed facts, the ques-
tion of negligence is one of law. . . .
If reasonable minds might differ upon
that question, the jury must decide.''
[Smith v. Railroad, 91 Kans. l. c. 33.]

**Law of Sister State Pleaded and Proved: Negligence: Kansas Rule.**

With respect to the application of this rule, the
Kansas decisions must control in this case. In that
State the general rule prevails as formulated by the
encyclopedists: ''Any one who goes
upon or near a railroad track is bound,
at his peril, to make diligent use of his
senses of sight and hearing in order to
detect the approach of trains, and if, in
disregard of this duty to his own safety,
he steps upon the track without looking or listening
. . . he is guilty of such negligence as to bar an
action for the injury.'' The exception recognized by
the same authorities is also recognized in Kansas. It
is that the general rule stated does not ''apply to em-

**Injury to Railway Employee: Going upon Tracks: Contributory Negligence.**

ployees whose duties require their presence upon the track, the performance of which duties necessarily precludes their paying the strictest attention to the approach of trains.''

In Dyerson v. Railroad, 74 Kans. 528, one of the plaintiff's duties was to supply cars with ice which he procured from a box four or five feet north of the northernmost rail of a double track. The lowest of three steps leading down from this box was about two feet from this rail. Plaintiff had prepared some crushed ice and was standing west of the ice-box awaiting the arrival of a car for which it was intended, when his foreman beckoned to him and pointd to the car which was to be iced, and plaintiff walked ''between the ice-box and the track to get his bucket of ice, reached it, took hold of it and started to carry it to the car, and while on the lowest step and about to proceed across the track he was struck by the tender of a locomotive which was backing east on the north track at the rate of fifteen or twenty miles an hour, without signal of its approach being given and without a lookout along the track being kept,'' and in conformity with the change of rules, of which plaintiff was not advised, permitting the use of the north track by east bound trains. ''The track was straight for a quarter of a mile west. It was a clear day and there was nothing to have prevented the plaintiff from seeing the engine and tender if he had looked.'' After stating these facts, the Supreme Court of Kansas said: ''It is therefore manifest that the plaintiff's omission to exercise due caution in his own behalf was fatal to his recovery, unless there was something in the peculiar circumstances of the case to take it out of the general rule.'' The court then states the rule as above set out.

In responding to the argument that Dyerson fell within the exception applicable to those ''whose duties

require their presence on the track," the court said: "If he had been injured while standing upon the steps and engaged in breaking ice this might be true, for the performance of that duty might have rendered it impracticable for him to keep a strict watch for passing trains, and if while so engaged any part of his body could come within the overhang of the cars or locomotives the place was not a safe one to work in. But such was not the case. Whatever danger he might have been subjected to while filling his bucket with ice had passed. He had moved to a place of entire safety west of the ice-box and was awaiting an order to carry the ice to a car. When the order came he had no duty for the time being but to get the bucket and carry it across the track to where the car stood. However great a degree of promptness or haste might have been expected of him, it was not essential that he should cross the track at any particular point, nor could his delaying until the engine and tender had passed have been material. He was simply in the position of one having occasion to get from one side of the track to the other. The necessity of his picking up the bucket before crossing did not preclude his glancing up the track to see if it was clear."

The court held: That the fact plaintiff habitually worked near the track and frequently crossed it did not justify any relaxation of vigilance on his part, but rather the contrary; that the change without notice to plaintiff of the rules relating to the track to be used by east bound engines and cars did not excuse plaintiff, being, at most, but negligence and therefore no different, so far as his contributory negligence was concerned, from the violation of any other rule, "whether relating to direction, or speed, or lookout, or signal of warning, or any precaution which a due regard for the safety of those about the yards might demand irrespective of formal regulations."

The court also said in this connection: "It is only when it has been established that the company has been negligent—that is, that some agent has omitted to do something which he should have done and which in a sense every one has a right to expect him to perform—that any occasion arises to consider whether a person injured has himself been at fault." The court also held that the failure to discover plaintiff's danger was of the same sort as negligence in regard to speed and signals and adding to negligence respecting these the negligent failure to discover plaintiff's peril added nothing to the case and subtracted nothing from the effect of his contributory negligence.

Applying these principles, approved by the Supreme Court of Kansas, plaintiff in this case was clearly guilty of contributory negligence in taking a position so near the track, south of that upon which he had been working, that a passing car would strike him, without looking along the track to see whether the switch engine he knew was at work in the yards was approaching. The fact that he stood for two minutes in this position increases instead of diminishes the degree of his negligence.

The failure to give a warning signal by bell, whistle or lookout upon the car, the failure to discover plaintiff's danger, and the failure of the section foreman to warn plaintiff, conceding it was the custom for him to do so, constituted negligence on the part of defendant. Under the law as quoted, however, plaintiff's contributory negligence bars his action, since he clearly does not fall within the exception to the general rule. That exception applies to employees *"whose duties require their presence upon the track,"* and the reason for excepting such employees is because the performance of their "duties necessarily precludes their paying the strictest attention to the approach of trains."

If the car which was placed over the ties with which plaintiff was working had injured him, a different question would be presented. The placing of that car put an end, temporarily, to plaintiff's activities, and he was not at work at all when struck, nor had he any duty to perform upon the track upon which the car which injured him was moving.

For two minutes, according to his testimony, and fifteen, according to that of some of his witnesses, he stood near the track with his back to it, looking neither to the right nor left and taking no precautions for his own safety. Under the decision quoted, his contributory negligence bars recovery on the only theory upon which the case was submitted to the jury.

As supporting a contrary conclusion, plaintiff cites: Missouri Pacific Railway Co. v. Bentley, 78 Kans. 221; Westine v. Railroad, 84 Kans. 213; Comstock v. Railroad, 56 Kans. 228; Dowell v. Railroad, 83 Kans. 562.

When injured, Dowell was removing cinders from the track; Comstock was leveling cinders between the rails; the jury found Bentley was tightening a bolt on the track; Westine was a brakeman and was upon the track giving signals to his own train which was upon another track; and the Supreme Court divided, four to three, upon the question whether his duty required him to be upon the track upon which he was injured. The majority held it did and that he fell within the exception to the general rule above stated. Three judges held his duty did not require his presence on the track, and dissented. All the judges agreed to the rule and the exception as the law of the case. The difference of opinion was, therefore, actually upon a question of fact.

In Ray v. Railroad, 82 Kans. 704, plaintiff was clearing from the track boards and tools which had

been used in derailing a car, and it was held he fell within the exception.

None of these decisions is authority for concluding that Dyerson v. Railroad, supra, does not apply and govern the decision in this case under the law of Kansas, since plaintiff was not at work upon the track at all when injured and had not been at work at all upon the track upon which the car was moving which injured him.

It is contended the rule applied in Pittsburg Vitrified Paving & Building Brick Co. v. Fisher, 79 Kans. 576, applies and extends the operation of the exception applicable to employees at work upon the track to this case.

In that case plaintiff was one of four off-bearers working at a repressing-machine. The rule was that one rested while three worked. Plaintiff was resting when he learned that a brick making machine twenty-five or thirty feet from the repressing-machine was not working properly and started toward it and was caught by an unguarded set screw and injured. The court held plaintiff, in the circumstances, was engaged as an off-bearer as well when he was resting as when he was taking bricks from the belt of the repressing-machine; that no particular resting place had been designated, and, consequently, that plaintiff might, while resting, occupy any vacant place near his own machine and in touch with his work from which he was not expressly forbidden; that defendant's duty to guard its machinery extended to all places which off-bearers might reasonably be expected to use in the performance of their duties, including the taking of turns at resting, and that whether, in the circumstances, plaintiff went too far away was, at least, a question for the jury. The court also held that the evidence warranted the jury in finding that plaintiff was not negligent.

That case does not resemble this. Here plaintiff took his position near a railroad track, itself a warning to danger, and stood there without giving any attention to his own safety until the car struck him. The switching crew was negligent; plaintiff was negligent, and under the Kansas decisions cited and quoted plaintiff's negligence bars recovery.

The trial court was right in refusing to submit the case upon the doctrine of the last clear chance, since "that doctrine as it is applied by the Supreme Court of Kansas cannot aid plaintiff in the circumstances of this case. The doctrine in Kansas is that "this so-called exception to the rule of contributory negligence (i. e. the doctrine of the last clear chance) will not be extended to cases where plaintiff's own negligence extended up to and actually contributed to the injury. To warrant its application there must have been some new breach of duty on the part of the defendant subsequent to the plaintiff's negligence."

"Last Clear Chance."

In the Dyerson case, applying this doctrine, the Kansas Supreme Court said: "In the present case it may be granted that the negligence of the plaintiff began when he walked between the track and the icebox on the way to get the bucket, and that the employees in charge of the engine were themselves negligent in not discovering this negligence on his part and the peril to which it exposed him and taking steps to protect him. But his negligence, as well as theirs, continued up to the moment of the accident, or until it could not possibly be averted. His opportunity to discover and avoid the danger was at least as good as theirs. His want of care existing as late as theirs was a concurring cause of his injury and bars his recovery." The court quotes from numerous authorities in support of its view.

In no case cited or which we have found reported has that court modified its holding upon this question, but, on the contrary, the Dyerson case has been approvingly cited and the rule therein laid down consistently applied.

What has been said discloses that under the Kansas decisions plaintiff has no cause of action either on the theory on which the case was submitted to the jury or under the doctrine of ''the last clear chance'' as the Supreme Court of Kansas understands and applies that doctrine. The judgment is reversed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. *Woodson, P. J.,* and *Lamm* and *Graves, JJ.,* concur. *Bond, J.,* concurs in the result.