No. 19,209.

CAROLINE GLENN, *Appellee*, v. THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY et al., *Appellants*.

SYLLABUS BY THE COURT.

1. SUPREME COURT—*Can Not Weigh Conflicting Evidence.* The rule that the supreme court can not weigh conflicting evidence or go farther in its examination than to see that there is substantial testimony to support the finding or verdict of the trier of the facts is herein applied.

2. RAILROADS—*Duty of Employee at Work Upon the Track—Must Exercise Reasonable Care.* The rule that an employee of a railroad company whose duties require his presence upon the track and preclude the strictest watch for the approach of trains is not necessarily guilty of contributory negligence as a matter of law if he omits to look and listen for the approach of a train which strikes and injures him, but that he is required to exercise such reasonable care as the circumstances surrounding him would suggest to a man of ordinary prudence, is herein applied.

3. TRIAL—*Verdict Sustained by Evidence.* On a challenge of the sufficiency of the evidence it is found to be sufficient to sustain the verdict of the jury.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed January 9, 1915. Affirmed.

*A. L. Berger*, of Kansas City, and *John H. Lucus*, of Kansas City, Mo., for the appellants.

*Thomas A. Pollock, Ed. C. Little*, and *James T. Cochran*, all of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Caroline Glenn brought this action against the St. Louis & San Francisco Railroad Company, The Kansas City, Clinton & Springfield Railway Company and Henry Hopkins to recover damages for the death of her husband, John Glenn, which she alleged was caused by their negligence. They answered, denying generally the allegations in plaintiff's petition, and charging that the deceased was guilty of contributory negligence. It appears that The St. Louis & San Francisco Railroad Company, spoken of here as the Frisco, is the owner of the railroad tracks, that Hopkins, who was charged with negligence in the killing of Glenn, was a watchman in the employ of that company, and that The Kansas City, Clinton & Springfield Railway Company runs trains over the Frisco tracks, and the agent of the Frisco acts for both companies. A general verdict was returned in favor of the plaintiff and against all of the defendants, in which the damages were fixed at $1500.

On this appeal it is contended that the evidence did not warrant the verdict rendered, and that the court erred in refusing to sustain defendants' demurrer to plaintiff's evidence, and in failing to direct a verdict in favor of the defendants. There appears to be evidence which supports the verdict. John Glenn was an employee of a street railway company, and on the day of the accident was engaged in repairing tracks at the Frisco crossing. The evidence of the plaintiff tended to show that on that day the train of The Kansas City, Clinton & Springfield Railway Company approached the crossing at an excessive rate of speed, that no warning of the approach was given by whistle or bell, and that the Frisco watchman, Hopkins, negligently failed to warn Glenn, who was absorbed in his work, of the approach of the train, and that Glenn did not observe that the train was coming until his attention

was called to it by a fellow workman a moment before
he was struck, and it was then too late to get out of the
way of the train which struck and killed him.    The
testimony of the defendants was contradictory to that
offered in behalf of the plaintiff, and was to the effect
that the whistle was sounded as the train came towards
the crossing; that Hopkins, the watchman, responded
to the whistle by giving a signal to the engineer to
proceed with the train; that warning was actually
given to Glenn by Hopkins, but that he disregarded it;
that he was walking on the outside of the track, and
just as the train came upon him he turned in upon the
track and was struck by the pilot beam of the engine.
If the evidence offered by plaintiff is believed, it is suf-
ficient to support the finding of the jury, while if that
of the defendants is accepted as true, the defendants
were not negligent, and Glenn was killed through his
own want of care.    The credibility of the witnesses has
been determined and the conflict in the evidence settled
by the jury.    This court can not weigh the evidence or
go farther in its examination than to see that there is
evidence to sustain the verdict.

There is a claim that Glenn was guilty of contribu-
tory negligence, but that issue, like the one that de-
fendants were negligent, depends upon conflicting tes-
timony.    It is said that he knew or should have known
of the approach of the train and could, by the exer-
cise of ordinary care, have saved himself.    Of course
he could have seen the oncoming train, if he had been
on the lookout for its approach, but naturally he
would expect to receive warning from the watchman
who was there to watch and warn.    Besides, a differ-
ent rule applies to one like Glenn, whose duties re-
quired his presence on the track, than is applied to
a traveler upon a highway who is about to cross.
Negligence can not be imputed to him as a matter of
law for failure to continually look and listen while he

is on the track, but as said in *Westine v. Railway Co.,* 84 Kan. 213, 114 Pac. 219:

"The failure to look and listen in such a case may or may not constitute negligence, according to the circumstances. The employee must exercise such care as the danger of his surroundings would suggest to a man of ordinary prudence and caution." (p. 220.)

(See, also, *Comstock v. U. P. Rly. Co.,* 56 Kan. 228, 42 Pac. 724; *Railway Co. v. Bentley,* 78 Kan. 221, 93 Pac. 150; *Ray v. Railway Co.,* 82 Kan. 704, 109 Pac. 172.)

There are some objections to the rulings made in instructing the jury, but the only objection upon which there is argument is that the instructions given were confusing and that there was no evidence upon which to base some of them. The issues appear to have been fairly presented to the jury and there was evidence sufficient to warrant the instructions given. We find nothing substantial in the objections to the rulings on the admission of testimony.

The judgment is affirmed.