No. 26,126.

CHARLES MAYNARD and C. H. PHILLIPS, Partners, etc., as MAYNARD & PHILLIPS, *Appellees,* v. E. D. SCHULTE et al., *Appellants.*

SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Review—Questions of Fact, Verdict and Findings.* Where the trial court correctly instructs the jury concerning all phases of a case as disclosed by the evidence and the jury under those instructions returns a verdict which is supported by the evidence, the judgment rendered on the verdict will not be reversed.

Appeal from Pratt district court; GEORGE L. HAY, judge. Opinion filed October 10, 1925. Affirmed.

*William B. Hess,* of Pratt, for the appellants.
*William Barrett* and *George Barrett,* both of Pratt, for the appellees.

1. Appeal and Error, 4 C. J. § 2834.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs brought this action, one in replevin, to obtain possession of wheat grown on land leased by defendant E. D. Schulte and covered by a chattel mortgage executed to the plaintiffs by defendants E. D. Schulte and Lena Schulte, his wife. Verdict and judgment were rendered in favor of the plaintiffs, and the defendants appeal.

There was evidence which tended to show that in the early fall of 1922 defendant E. D. Schulte was heavily indebted to the plaintiffs and to the Citizens State Bank of Pratt, of which defendant Hardesty was president; that on September 21, 1922, defendant Schulte executed to defendant Hardesty, for the benefit of the bank, an instrument, written on a letterhead of the bank and entitled "Bill of sale," which read as follows:

"For value received, I hereby sell to J. E. Hardesty all my rights and interests in wheat ground now prepared for wheat on the northeast quarter of section 9, and the northwest quarter of section 10, township 27, range 13, Pratt county, Kansas, and agree to sow same in wheat. Said seed wheat to be furnished by J. E. Hardesty."

That at the time the bill of sale was signed the wheat had not been sown; that at the time an oral arrangement was made between defendants Schulte and Hardesty by which Hardesty was to furnish seed wheat, pay the expenses of Schulte and his family during the year and the expenses of cutting, harvesting and marketing the wheat, and apply the proceeds of the wheat above the expenses on Schulte's indebtedness to the bank, and by which Schulte was to plant and take care of the wheat until harvested; that the bill of sale was recorded in the office of the register of deeds October 6, 1922; that Hardesty paid out $270 for seed wheat and $1,066.24 on expenses relative to the wheat and Schulte's living; that on October 3, 1922, defendant Schulte executed a chattel mortgage to Maynard & Phillips on the wheat growing on the quarter sections described in the bill of sale; that the chattel mortgage was recorded in the office of the register of deeds October 3, 1922; that when the chattel mortgage was given to Maynard & Phillips the wheat had all been planted; and that during the threshing of the wheat Maynard & Phillips demanded the wheat and Hardesty refused to let them have it, claiming it belonged to him.

Defendant E. D. Schulte in part testified as follows:

"Q. What did you give Mr. Hardesty for the seed wheat? A. Gave him a mortgage on it.

"Q. You gave Mr. Hardesty another mortgage—when did you give him that? A. Well, I don't remember; it was some time after he came out to see me.

"Q. That was after the wheat was sown? A. I think so.

"Q. Where were you when you gave that mortgage? A. At the bank—in the Citizens Bank."

Complaint is made of the following instructions given by the court:

"12. With reference to the paper denominated a bill of sale and referred to as defendants' exhibit one, you are instructed that if you find and believe from the evidence that this written instrument was given as security for the payment of a debt or was intended to operate as a mortgage on personal property and not as a bill of sale and a transfer of property, then I say to you that it was incumbent upon the defendant Hardesty to file the same or a copy thereof in the office of the register of deeds in the county where said property was located or where the maker of said bill of sale resided, and until he did so such instrument so given as a chattel mortgage would be void as against subsequent mortgages in good faith without notice or knowledge of said instrument.

"13. So in this case if you find and believe from the evidence that said written instrument called a bill of sale was not in fact a bill of sale, but was an instrument in writing given as security for the payment of a debt and in fact was a chattel mortgage, and that the said instrument or a copy thereof was not filed in the office of the register of deeds of Pratt county, Kansas, until after the plaintiffs had obtained and filed their chattel mortgage, and you further find that they had no notice or knowledge thereof prior to the time that plaintiffs took their chattel mortgage, then I say to you that the plaintiff's chattel mortgage, if not fraudulent and invalid as herein instructed, would be superior to the rights of the defendant Hardesty under said bill of sale, and you should so find."

These two instructions should be read in connection with instruction No. 11, which reads:

"So far as this case is concerned, the defendant Schulte had the right to sell to the defendant Hardesty the ground prepared for wheat, and after the purchase of the same by Hardesty, if you find that the bill of sale offered in evidence was executed by Schulte, and in pursuance thereof the said Hardesty furnished the seed wheat for sowing said land to wheat, provided funds for the living expenses of said Schulte and for the harvesting and threshing of the wheat raised on said land, and that the said defendant Schulte furnished the labor incident to the growing of said crop and that the net proceeds of the crop were to be applied and were in fact applied to the payment of the indebtedness, if any, of the said defendant Schulte to the Citizens State Bank, then I say to you that the jury would be warranted in finding that the defendant Hardesty was the owner of said wheat at the

time that the chattel mortgage given to the plaintiffs by the defendant Schulte was executed, and in which event your verdict could be for the defendant."

These three instructions correctly stated the law applicable to the evidence introduced on the trial and correctly covered every issue made by that evidence. It was for the jury to determine what the evidence proved and apply the facts proved to the instructions and render a verdict accordingly. That verdict on the evidence under the instructions is conclusive, and the judgment must be affirmed unless some trial error is shown sufficient to compel its reversal.

A number of complaints are made concerning the exclusion and admission of evidence. They have been examined. There is not sufficient merit in any of them to warrant a reversal of the judgment, and it is affirmed.