No. 31,455

C. C. TAWZER, *Appellee*, v. JAMES McADAM and G. B. ROONEY,
*Appellants*.

(28 P. 2d 741.)

Opinion filed January 27, 1934.

*Howard Rooney, W. C. Gould* and *George R. Gould,* all of Dodge City, for the appellants.

*Carl Van Riper* and *R. L. Hazzard,* both of Dodge City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover sums of money alleged to be due for wheat delivered at defendants' elevator in Minneola in the years 1927 and 1928. A full statement of the case will be found in *Tawzer v. McAdam,* 134 Kan. 596, 7 P. 2d 516. For trial errors, the judgment in favor of plaintiff was reversed and the cause remanded for a new trial. That has since been had before a jury charged only with the duty of answering certain special questions, it having been agreed that judgment should be rendered on the pleadings, admissions and evidence, and on such of the jury's findings as the court approved.

The main dispute between the parties was concerning the nature of the contracts under which the wheat was delivered to defendants. Plaintiff alleged that he was to be paid the "door price" on whatever day he choose to sell, defendants being duly notified thereof. Defendants' claim was that the wheat was placed with them on option, with an advance payment of sixty cents per bushel, and that they were to pay whatever balance would accrue to plaintiff whenever he should elect to close the option and settle, with the further understanding that if no dates were selected by him the options were to be considered as closed within a reasonable time, which should

not be later than May 31 of each year following the delivery of the wheat.

Touching the persons named in the jury's findings, it may suffice to state that R. E. Kirk was the manager of defendants' elevator where the wheat was delivered, and Wallace Boucher was cashier of the local bank and financial disbursing agent for the owners of the elevator, James McAdam and G. B. Rooney.

The special findings read:

"1. Did C. C. Tawzer demand settlement of R. E. Kirk for the 1927 wheat on April 28, 1928? A. Yes.

"2. If you answer question No. 1 in the affirmative, did R. E. Kirk tell C. C. Tawzer that he would have to see James McAdam for any settlement? A. Yes.

"3. Did C. C. Tawzer ever demand from James McAdam a settlement for the 1927 wheat as of April 28, 1928? A. Yes.

"4. If you answer question No. 3 in the affirmative, state when such demand was made. A. About three weeks after April 28, 1928.

"5. Did C. C. Tawzer demand from R. E. Kirk a settlement for the 1928 wheat on February 15, 1929? A. Yes.

"6. If you answer question No. 5 in the affirmative, did R. E. Kirk inform him that Wallace Boucher was the only man who could make payment for the wheat? A. Yes.

"7. Did C. C. Tawzer, prior to June 1, 1929, ever inform Wallace Boucher, James McAdam or G. B. Rooney that he had selected February 15, 1929, as a date for settlement of the 1928 wheat? A. Yes.

"8. If you answer question No. 7 in the affirmative, of whom did he make the demand and when? A. Wallace Boucher on or after the 15th of February, 1929.

"9. Was the contract under which the 1928 wheat was placed in the elevator on the option basis or door-price basis? A. Door-price basis."

Defendants filed motions to set aside these findings, and for judgment on them, and for a new trial. These were overruled, and judgment was entered in favor of plaintiff.

Defendants appeal, contending first that findings 2 and 6 do not authorize a finding in favor of plaintiff on the issues covered by findings 1, 2, 5 and 6, but do compel a finding for defendants on these issues. According to our view, however, the vital issues in this lawsuit are those determined by special findings 1, 5 and 9. Kirk was the manager of the elevator. He was in charge when Tawzer and his sons delivered those large quantities of wheat in 1927 and 1928. He was the proper person to be notified when Tawzer fixed the dates of April 28, 1928, and February 15, 1929, on which he elected to sell his wheat. It is of no consequence that Kirk was not

authorized to pay for the wheat nor that he did not pay, nor that Kirk told Tawzer he would have to see McAdam for any settlement for the 1927 wheat, and that Wallace Boucher was the only man who could make payment for the wheat of the 1928 crop. Tawzer's choice of dates on which he elected to sell and his notification of those facts to Kirk was all that was necessary to perfect his right and defendants' liability for the wheat, since the other vital question which concerned the nature of the contract was settled in plaintiff's favor by the jury's finding No. 9.

It is also contended that finding No. 4 is in favor of defendants. We think not. It was of no material importance when Tawzer demanded payment from McAdam. And the same observation holds true as to the jury's findings Nos. 7 and 8. Moreover, the evidence clearly showed that if Tawzer had been willing to accept settlement for his wheat on the option basis, Kirk had ample authority to pay him without referring him to McAdam or Boucher. It was only because of the sharply controverted question of "door-price" or "option" between plaintiff and Kirk's employers that Kirk told Tawzer to see McAdam in 1928 and Boucher in 1929. Defendants argue that the circumstances were potent corroboration of their version of the facts. But the fact-finding tribunal—the jury—has effectively disposed of that argument. (*Glenn v. Railroad Co.*, 94 Kan. 83, 145 Pac. 865; *Maynard v. Schulte*, 119 Kan. 391, 239 Pac. 770; *Barker v. Missouri-K.-T. Rld. Co.*, 134 Kan. 256, 259-260, 5 P. 2d 811.) There is nothing in this record which would permit the jury's findings to be disturbed (*Fox v. Eaglin*, 132 Kan. 395, 295 Pac. 662, syl. ¶ 5). And since the trial court approved those findings (*Bell v. Skinner*, 119 Kan. 286, 239 Pac. 965), the judgment will have to stand.

The judgment is affirmed.

HUTCHISON, J., not sitting.